Jokes, Chief Judge,
delivered the opinion of the court:
Plaintiff who was formerly an employee of the Veterans’ Administration brought this suit to recover pay from the date of his allegedly illegal discharge by that agency. Plaintiff has moved for judgment on the pleadings. The Government opposes this motion and makes a cross motion for summary judgment.
Plaintiff held the position of Loan Examiner, GS-7, $4580 per annum, in the Veterans’ Administration Regional Office, Lubbock, Texas. It is conceded that he was entitled to veterans’ benefits under the Veterans’ Preference Act of 1944, 58 Stat. 387, 390 (5 U. S. C. 863, 1952 Ed.). By letter dated December 22, 1952, signed by C. M. Harvin, Loan Guaranty Officer, plaintiff was formally advised, in part, as follows:
*792 In accordance with applicable YA regulations and Section 14 of the Veterans’ Preference Act of 1944, you are hereby notified that it is proposed to effect your removal for cause based on the following charges:
The letter then listed the charges, giving specific instances in each case. The four charges were: improper attitude toward supervisors, not accepting instructions from supervisors, disrespect to supervisors, and making statements constituting threats to supervisors. Paragraph 2 of the letter stated:
The above [the charges] and your past record will be considered in determining proper disciplinary action, if one or more of the above charges is sustained.
The letter also informed plaintiff of his right to reply and to a hearing under the Veterans’ Administration hearing and appeal procedure.
Plaintiff lost his appeal before the agency hearing committee on the proposed removal and was removed from his position on February 2, 1953. He thereupon perfected an appeal to the Civil Service Commission. This agency’s 14th Regional Office granted him a hearing before an Appeals Examiner at which both the plaintiff and the Veterans’ Administration presented testimony of witnesses and other evidence. The Appeals Examiner held, in part:
We are of the opinion that the statements admittedly made by appellant, as set forth by the agency’s letter of charges, clearly disclose that Mr. DeBusk is not amenable to supervision. * * *
In view of the above findings and since we feel that the record as established by the hearing is sufficient to warrant a removal action, appellant’s appeal must be denied. It therefore follows that the effected action was not contrary to or in violation of Section 14 of the Veterans’ Preference Act of 1944.
Plaintiff’s appeal to the Civil Service Commission also was rejected. In a letter dated June 14, 1954, the Chairman of the Civil Service Commission’s Board of Appeals and Keview stated in part:
Keference is made to your appeal under section 14 of the Veterans’ Preference Act * * *.
*793 The Commissioners, after careful consideration of all the evidence developed in connection with the case, have determined that the four specific charges, which were based on your office demeanor, were of sufficient gravity to fully warrant removal despite an overall performance rating of “Satisfactory.” The charges were supported by evidence of your disparaging statements and defiant attitude towards supervisors. In view of the foregoing the decision of the Regional Office is affirmed.
On December 8, 1952, plaintiff’s supervisors delivered to him an “Unsatisfactory” performance rating. Despite extensive statements in the briefs as to what transpired in connection with this performance rating, the record definitely discloses only that, by letter dated January 29, 1953, the chairman of a subcommittee of the Performance Rating Committee at plaintiff’s station advised plaintiff that his performance rating for the period November 8,1951, to December 4, 1952, had been changed from “Unsatisfactory” to “Satisfactory.”
Plaintiff contends that his removal was improper for six different reasons. First, he says that the decision to remove him was made by the “Manager and not by the Chief Law Officer of the Regional Office”, as allegedly required by 5 CFR 22.10 (a) (1949 Ed. 1954 Cum. Pockt. Supp.). This regulation reads:
§ 22.10 Decision in the Commission — (a) By whom made; contents. The decision on the appeal shall be made by the Chief Law Officer or the regional director, as appropriate, in a finding consisting of an analysis of the evidence, the reasons for the conclusions reached and the recommendation for action to be taken by the employing agency concerned. A recommendation may be made to the employing agency for corrective action, including restoration of the employee to duty retroactively to the effective date of the discharge, suspension for more than 30 days, furlough without pay, or reduction in rank or compensation, as the case may be.
The above quotation is part of a series of regulations under the heading: chapter i — civil service commission. Part 22 — Appeals of Preference Eligibles Under the Veterans’ Preference Act of 1944. The first of these regulations reads:
*794 §22.1 Applicability of regulations — (a) Coverage. The regulations in this part shall govern appeals to the Commission by permanent and indefinite preference eligible employees from adverse decisions of administrative officers of the Federal Government and the government of the District of Columbia, more specifically defined hereinafter.
It is evident, therefore, that the regulation upon which plaintiff relies speaks of the Chief Law Officer, an official of the Civil Service Commission, and that it does not attempt to specify what official of a particular employing agency must make the decision as to an employee’s removal. There is no merit in plaintiff’s first contention.
Likewise without merit is plaintiff’s argument that neither the agency’s letter of charges, nor the opinion of the Appeals Examiner of the Civil Service Commission nor the letter from its Board of Appeals and Beview specifically stated that plaintiff’s removal was for a cause that “will promote the efficiency of the service.” However, all three of these documents referred to section 14 of the Veterans’ Preference Act of 1944, supra, which provides, in part, that no permanent or indefinite preference eligible shall be removed “except for such cause as will promote the efficiency of the service.” It is natural to conclude that these men would not have cited this statute without having in mind the standard of adjudication set out therein. From the circumstances of this case it appears that the administrative officials did in fact invoke the proper standard, and the mere absence of an express invocation of the statutory standard cannot, under such circumstances, have an effect on the validity of an otherwise valid personnel action.
Plaintiff cites the fifth amendment to the Constitution of the United States in support of his next contention that his x’emoval constituted “double jeopardy.” The material portion of this amendment provides:
* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb;
Plaintiff’s argument appears to be that the charges upon which he was removed were also considered in connection with his performance rating and that the administrative *795 determination on the performance rating constituted an adjudication on the charges, thereby precluding subsequent consideration of the same charges in connection with the removal.
But the amendment was not intended to cover the sort of proceedings involved in this case. It has been held that removal from Government service, as distinguished from permanent proscription therefrom, is not punishment. Bailey v. Richardson, 182 F. 2d 46. Certainly giving plaintiff an “Unsatisfactory” performance rating is not punishment. If it is not punishment, then the hearing thereon has not subjected plaintiff to jeopardy. There is, therefore, no basis for “double jeopardy.”
Plaintiff’s fourth contention involves the lack of specificity in the charges. He maintains that the statement in the charges that the “above and your past record will be considered in determining proper disciplinary action,” indicates that the agency based its decision, at least in part, upon unspecified parts of his past record. From the opinion of the Civil Service Commission’s Appeals Examiner and the letter of the Chairman of its Board of Appeals and Review, it is clear, however, that they restricted their consideration to the specific charges. Moreover, we do not think that plaintiff has placed a fair construction on the statement quoted from the letter of charges. It appeared in a separate paragraph after a long recital of specific charges and could not have been intended, in the context, as still another charge justifying the proposed action.
Plaintiff also contends that his removal was invalid because the charges served on him by the agency were not countersigned by the appropriate personnel official as required by section 22.09 d (4) c of Chapter 20 of the Veterans’ Administration Manual for Personnel Administration, dated August 28, 1947. This section provides:
(c) Simultaneous Notice of Grounds for and Effective Date of Intended Removal for Cause. Where action is warranted, the notice of grounds for the. intended removal and the notice of the effective date of the intended removal will be accomplished simultaneously by a single letter. The appropriate key line official, with the advice and- assistance of the appropriate personnel official, will *796 prepare such letter or cause it to be prepared. If there is agreement between the key line official and the personnel official, such letter will be transmitted to the offending employee without reference to higher authority. If there is disagreement between the key line official and the personnel official, the matter will be referred to- the appropriate disciplinary official for decision. In either event, the letter will be signed by the hey line official, countersigned by the personnel official, and transmitted to the accused employee at least 30 days before the effective date of the intended removal. Where there is reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed, compliance with the 30-day notice provision is not required.
As appears from an affidavit by Mr. C. M. Harvin, the Loan Guaranty Officer, made in connection with another suit filed elsewhere by plaintiff and appended by plaintiff to his motion for judgment on the pleadings here, the charges filed against plaintiff were made with the advice and assistance of the appropriate personnel official, even though he did not countersign the notice. Thus the omission of the personnel officer’s signature amounts in this case to no more than a technical violation of the regulation.
Furthermore, plaintiff does not cite any statute of Congress which prohibits his removal except in accordance with rules promulgated by the Veterans’ Administration. See Keim v. United States, 177 U. S. 290. Neither section 652 of Title 5 of the United States Code (1952 Ed.) nor the Veterans’ Preference Act of 1944, supra, contemplates such a restriction upon executive discretion.
Plaintiff’s last argument involves an alleged inconsistency in the action of the administrative agency. He says that it was inconsistent for the agency at one and the same time to find that he was, in effect, not amenable to supervision and also to give him a “Satisfactory” performance rating. It does not appear from the record that the same charges which formed the basis of plaintiff’s removal were found to be unwarranted when the determination on his performance rating was made, or that the performance-rating authorities actually found plaintiff to be cooperative or effective in dealing with others. Moreover, there is not necessarily a contra *797 diction between plaintiff’s removal and bis “Satisfactory” rating. A performance rating evidently is a composite rating which takes into account many phases of a person’s work. Even if the character of one’s work were such as to cause it to be classed as satisfactory or at least such as one would not want to class as unsatisfactory, yet he may be so defiant toward those under whom he is working and so critical of his co-workers as to disrupt an organization to such a degree as to justify his removal.
An examination of the entire record gives the impression that none of the charges against plaintiff was very serious. On the other hand, some of his admitted outbursts against his superiors in rank, and his critical reference to the conduct of his co-workers seemed out of place, since they had reference to matters that were outside his own jurisdiction, and concerned matters for the correction of which others were clothed with responsibility. If the conduct of his superiors and co-workers was improper, as plaintiff alleges, the remedy lies in the established procedures. Certainly it could not be corrected by internal conflicts in the operation of a large organization.
The hearing officer, after hearing plaintiff and other witnesses, determined that the conduct of the plaintiff was such as to justify his removal. The finding was affirmed on appeal. We cannot say that the action was arbitrary, capricious, or not supported by substantial evidence. Any additional hearing would be a mere elaboration of the testimony already given. Plaintiff’s motion for judgment on the pleadings is denied, defendant’s motion for summary judgment is allowed, and the petition is dismissed.
It is so ordered.
Laramore, Judge; MaddeN, Judge; Whitaker, Judge; and LittletoN, Judge, concur.