Benjamin R. BEGENDORF
v.
The UNITED STATES.
No. 347–61.

United States Court of Claims.
Jan. 22, 1965.

C., and Samuel Resnicoff, New York City, of counsel.

Alfred Boudreau, Jr., Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, REED, Justice (Ret.), sitting by designation, and DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM.

Plaintiff, a veteran employed as a Criminal Investigator (Customs Agent) in New York by the Customs Agency Service of the Treasury Department, was removed on charges in 1960. The Civil Service Commission, after a hearing under Section 14 of the Veterans' Preference Act, 58 Stat. 387, 390, as amended, 5 U.S.C. § 863, sustained the dismissal on three grounds. The first was that Begendorf, having been specifically directed by his superiors to refrain from any participation in the then-pending criminal case against Vito Genovese and to confine his activities to his assigned matters (which did not include anything to do with Genovese), nevertheless visited Genovese at the latter's home and in the presence of others "discussed with him the progress of his narcotics trial, criticizing the methods of the officers who arrested Genovese and stating that the prosecution had nothing on Genovese, and that his arrest was for publicity and political effect only." The second ground upheld by the Commission was that, in the course of official inquiries directed to him, plaintiff intentionally misstated or concealed the means by which he obtained Genovese's home address. The third ground was that plaintiff failed to report for work on three separate occasions, without obtaining leave or notifying his supervisors.

The only issue now raised by plaintiff is that he was deprived of a procedural right, at the Civil Service Commission hearing, by the refusal of the Treasury Department to produce certain Customs Service employees to testify. A Commission regulation (5 C.F.R. § 22.-

Thomas A. Ziebarth, Washington, D. C., for plaintiff, Shipley, Akerman & Pickett, Carl L. Shipley, Washington, D.

607) declares, with respect to the hearings held by the Commission:

"The Commission is not authorized to subpoena witnesses. The employee and his designated representative, and the employing agency, must make their own arrangements , for the appearance of witnesses."

Another regulation (5 C.F.R. § 22.603) provides:

"Opportunity will be afforded for the introduction of evidence (including testimony and statements by the employee and his designated representative and witnesses and by representatives of the agency and its witnesses) and for the cross-examination of witnesses."

In Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, and 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963), interpreting these provisions, the Supreme Court held that a charged employee desiring the presence of witnesses at his Commission hearing has the "initial burden" under the regulations of "making timely and sufficient attempt to obtain their presence" or of showing that he was justified in failing to make such an attempt; if that initial burden is borne, the charged employee must then show that he made proper and timely demand upon the Government agency to produce the witnesses.

Plaintiff does not make, or offer to make, the required showing. His counsel sent a telegram to the Treasury Department, the night before the Civil Service Commission hearing, asking for some 10 agents to appear. In the apt words of a recent decision involving the same issue (McTiernan v. Gronouski, 337 F.2d 31, 37 (C.A. 2, decided Aug. 28, 1964)), there is "no suggestion that [plaintiff], on his own, initially contacted these wit-

nesses and unsuccessfully attempted to arrange privately for their attendance at the hearing." We agree with the Second Circuit that, in the absence of such a showing (or offer to show) or of some proper excuse, "no procedural rights to which [plaintiff] was entitled were violated when the [Treasury] Department failed to respond to his request."

▇▇▇▇ So far as the record shows, none of the men whom the Treasury failed to produce was an accuser, an informant, a witness, or an affiant against plaintiff.[1] In view of our holding on plaintiff's failure to attempt privately to arrange for their appearance, we need not decide whether the Civil Service Commission regulations require the production of any witnesses to be used in the presentation of the employee's own case. But it is appropriate to note that, in any event, at least two of the three grounds given by plaintiff's counsel for calling these agents were invalid on their face, and the Department would not have been required to produce the agents for such purposes.[2] These two improper grounds were (as stated by counsel at the hearing), first, that plaintiff "wanted to show through these people that there was never any difficulty with Mr. Begendorf, that he cooperated fully with them," and, secondly, "that as far as they [the agents] are concerned in their opinion, they can't see how this dismissal would promote the efficiency of the service." The first of these bases for calling the agents was wholly irrelevant to any charge made against plaintiff and amounted simply to an effort to obtain character witnesses on behalf of plaintiff via the Treasury Department. The second of these grounds contemplated opinion testimony of fellow employees on the general subject of what would promote

---

1. Though the supervising agent who had directed plaintiff not to participate in Genovese's case was present in the hearing-room, plaintiff's counsel did not wish to examine either him or another agent who was also present.

2. The third ground given for calling the agents was that they would testify as to the alleged practice and policy in plaintiff's office that an agent taking time off would simply phone the office and tell a fellow agent that he would be absent. Plaintiff asserted that he followed that practice.

the efficiency of the service. In our view the Commission's regulation does not encompass either of these reasons for the compulsory production of witnesses under the control of the Government.

 Accordingly, we hold that plaintiff's motion for summary judgment has no merit. Though he urges that the other contentions in his petition require a trial, we believe that the defendant's cross-motion for summary judgment should be sustained since none of plaintiff's other points is valid on its face and he offers no reason for remitting them to trial.[3]

Plaintiff's motion for summary judgment is denied and defendant's cross-motion is granted. The petition is dismissed.

---

3. The charges were clearly specific enough and the bare, unsupported allegation that they were brought in bad faith is plainly inadequate. Plaintiff's general rating of "satisfactory" did not bar his removal on these charges. De Fino v. McNamara, 109 U.S.App.D.C. 300, 287 F.2d 339 (1961), cert. denied, 366 U.S. 976, 81 S. Ct. 1947, 6 L.Ed.2d 1265; Misuraca v. United States, 135 Ct.Cl. 387, 394–395 (1956); De Busk v. United States, 132 Ct.Cl. 790, 796–797 (1955), cert. de-

nied, 350 U.S. 988, 76 S.Ct. 474, 100 L. Ed. 854 (1956). Plaintiff's removal was approved by appropriate higher authority and effected by the proper supervising agent. Finally, the removal notice was not defective for failing to spell out how plaintiff's separation would promote the efficiency of the service. De Busk v. United States, supra, 132 Ct.Cl. at 794; Blackmon v. Lee, 92 U.S.App.D.C. 268, 205 F.2d 13, 14 (1953).