Per Curiam :
Plaintiff, a veteran’s preference eligible, seeks to recover back pay alleging a procedurally defective discharge from his GS-11 position, as a contract specialist, with the New York Procurement District, Department of the Army. That discharge was predicated upon allegations that plaintiff had solicited and accepted gifts, favors, gratuities, and entertainment from a Government contractor with whom he had official relations. The parties have filed cross-motions for summary judgment, and the case is ready for decision thereon.
In responding to defendant’s motion for summary judgment and countermoving for summary judgment, the plaintiff states that he “accepts defendant’s statement of facts in its motion for summary judgment, except to the extent modified by conflicting statements in plaintiff’s petition herein.” However, plaintiff does not advise us, nor does our examination of his petition disclose, just what “conflicting statements” in his petition are deemed material. Bather, in his brief plaintiff devotes his entire argument to the contention that his *1374 discharge was procedural^ defective. We, therefore, treat the case as involving no issues of material fact and address ourselves exclusively to the procedure followed in effecting plaintiff’s discharge.
With one exception, the procedures followed by the Army in removing plaintiff from his position, effective January 27, 1963, were properly conducted under appropriate regulations.[1] The final notice of removal advised him of his right to appeal to the Civil Service Commission, and he elected to do so. Thereafter, a hearing was scheduled before an Appeals Examiner of the Civil Service Commission for July 2,1963. In the appeal, plaintiff was represented by counsel who was given full opportunity prior to the hearing to review the evidence upon which the Army had predicated plaintiff’s removal. Essentially, this evidence consisted of affidavits and signed statements by several of the contractor’s personnel, as well as the reports of investigating agents of the Federal Bureau of Investigation concerning their monitoring of certain telephone conversations between plaintiff and the president of the corporate contractor. They listened to the conversations over an extension telephone located in the office of the president.
In the course of the hearing, plaintiff testified at length on his own behalf, and two witnesses whom plaintiff’s counsel had asked the Army to produce were also present and testified. In addition, plaintiff’s attorney introduced into evidence a number of exhibits consisting of performance ratings and letters of recommendation from plaintiff’s associates and fellow employees. So far as the record discloses, at no time has the plaintiff, or his attorney, made any effort to obtain the testimony of the FBI agents or any of the contractor’s personnel, nor has plaintiff or his attorney ever requested the Civil Service Commission, or the Army, to make these persons available for examination.
*1375 Nonetheless, the gravamen of his complaint in this court is that the Government failed to produce the witnesses and investigators whose statements and affidavits were the evi-dentiary basis for the Commission’s determination, and he asserts that such lack of confrontation by his accusers constitutes a denial of due process. In several earlier cases, however, we have decided this very question adversely to discharged employees who could make no showing that they had made any kind of request, timely or otherwise, for the production of the adverse witnesses. See Begendorf v. United States, 169 Ct. Cl. 293, 340 F. 2d 362 (1965); De Nigris v. United States, 169 Ct. Cl. 619 (1965) ; Kaers v. United States, 175 Ct. Cl. 111 (1966) ; cf. Hanifan v. United States, 173 Ct. Cl. 1053, 354 F. 2d 358 (1965). In Kaers, we said:
If plaintiff really wanted to cross-examine the affiants (which could be the only reason for their presence), he could have requested a continuance so he could produce the witnesses or have them produced by the agency. He did neither, and it seems that what plaintiff really wanted was the “exception” rather than the evidence cross-examination might have provided. Thus, we think plaintiff had a duty to then and there demand the production of the witnesses. He did not, and consequently we cannot now hold that his procedural rights have been violated. [P- H4]
The other basic complaint of plaintiff here appears to be the contention that his constitutional rights were violated when the FBI agents monitored his telephone conversations without his consent or knowledge. However, we are of the opinion that this contention is disposed of adversely to plaintiff by the case of Rathbun v. United States, 355 U.S. 107 (1957) where the Supreme Court held that each party to a telephone conversation takes the risk that the other party may have an extension telephone and may allow another person to overhear the conversation.
Plaintiff’s cross-motion for summary judgment and his brief are premised solely on the contention of procedural error of which we can find none on this record. He does suggest in the opening sentence of his brief that there exist “numerous and substantial issues of material facts as set *1376 forth in plaintiff’s petition herein.” However, from our examination of plaintiff’s petition, we are unable to determine what factual material thus faces us. Certainly plaintiff has neither told us nor attempted to answer the contentions raised in defendant’s motion and briefs.
Accordingly, defendant’s motion for summary judgment is granted and plaintiff’s cross-motion is denied. Plaintiff’s petition is dismissed.

 The exception was a procedural defect in the original notice of proposed suspension. However, this procedural defect was corrected by the Civil Service Commission’s decision which, while sustaining the removal, canceled the suspension and ordered that plaintiff be retroactively restored to active duty up to the date of his removal. The fact that plaintiff’s earlier suspension was found to be pi'ocedurally defective does not affect the validity of his subsequent removal. Holtzman v. United States, 143 Ct. Cl. 108, 163 F. Supp. 863 (1968).