**John A. FLETCHER, Jr.**

v.

**The UNITED STATES.**

No. 386–65.

United States Court of Claims.

March 15, 1968.

John P. Witsil, Washington, D. C., attorney of record, for plaintiff.

Manfred J. Schmidt, Washington, D. C., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

NICHOLS, Judge.

This suit for back pay calls on us once again to review the legality of a federal employee's separation from the service for alleged misconduct. It is before us on cross-motions for summary judgment. We hold that the employing agency has not followed its own regulations and therefore the removal was illegal and plaintiff must prevail.

Plaintiff, a veterans preference eligible, was employed by the United States Post Ofifce Department as a Postal Inspector. By letter dated August 17, 1963, plaintiff was advised that, based on seven specific charges, " * * * it is proposed to remove you from the Service, suspend without pay for such period as may be administratively decided, or to take such other disciplinary action as may be deemed warranted * * *." Plaintiff replied in writing to the charges and in accordance with his request he and his attorney met with the Chief Postal Inspector in Washington, D. C. On January 14, 1964, three additional charges were preferred against the plaintiff. Again he replied in writing and again, when accompanied by counsel, he had a personal interview with the Chief Postal Inspector. By letter dated March 31, 1964, plaintiff was advised that six of the charges against him had been sustained and that he was to be removed from his position effective April 14, 1964. Plaintiff was advised of his right to appeal from this decision. The charges joined matter related to plaintiff's performance of official duty, and his private life.

On April 10, 1964, plaintiff appealed his proposed removal to the Deputy Postmaster General. A hearing in Chattanooga, Tennessee, was fixed for May 13 and 14, 1964, but at plaintiff's request was set back to May 21 and 22. Prior to the hearing the Hearing Officer wrote to the plaintiff and notified him that the evidence of record, which might be introduced at the hearing in support of the

charges, would be available for plaintiff's inspection in Chattanooga.

On May 8, 1964, plaintiff's attorney requested a further postponement of the hearing date. June 8 and 9, 1964, were set as the new dates for the hearing. On June 4, 1964, plaintiff's counsel requested the Hearing Officer to " * * * cause all persons who have given information to the Post Office Department concerning this matter to be available for cross-examination, * * *." but later in the same letter he limited it to persons "who gave any information which formed the basis for the letter of charges." Counsel was well aware of the broadness of his request even so, but stated that he had to make it that general because he had not seen any investigative report nor was he aware of any person who had given information against the plaintiff which formed the basis of the charges against him. On June 5, 1964, the Hearing Officer answered as follows:

> The Post Office Department has no power of subpoena. I expect you shall desire to call witnesses; therefore I suggest you contact them as to their willingness to testify, giving me their names, addresses and the nature of their testimony. * * *

Thus, he denied the plaintiff's request, but apparently not because it was too broad.

During the course of the hearing, the Government did not call all its witnesses to testify, but instead offered to introduce into evidence affidavits from persons who had made statements during the investigation of the charges against the plaintiff. Counsel for plaintiff continually objected to the admission of these affidavits, at the same time stating that he would have no objection if the affiant was to be produced for cross-examination. None of the affiants were so produced and counsel's objections were overruled. Some were Post Office employees and some were not.

By letter dated July 14, 1964, the Deputy Postmaster General informed plaintiff that five of the charges against him had been sustained and that his dismissal was to be effective as of July 17, 1964. Offered a choice he elected review in the Post Office Department as against one by the Civil Service Commission. The Post Office Department Board Of Appeals And Review affirmed the plaintiff's separation (once on October 1, 1964, and again on November 10, 1964, after having granted plaintiff permission to submit supplemental information). Having exhausted available administrative appeals, plaintiff filed his petition in this court, eventually moving for summary judgment, and alleged procedural errors and a denial of administrative due process of law, the latter stemming from his allegation that his separation was invalid because of the failure of the Post Office Department to produce as witnesses those persons upon whom it relied for evidence to support the charges. The Government then crossmoved for summary judgment, raising three separate grounds in its behalf.

The Government argues that, in the absence of extenuating circumstances, an employee's failure to raise a particular point of error in his administrative appeal proceedings will preclude him from raising it for the first time in a suit before this court based on loss of pay. Pine v. United States, 371 F.2d 466, 178 Ct. Cl. 146 (1967). It says that the plaintiff, in regard to his contention that his removal was invalid because of the Post Office Department's failure to produce witnesses for cross-examination, only raised this alleged procedural error during the initial hearing stage of his administrative proceedings, that he did not preserve this contention on his appeal from the Hearing Officer's decision, and that, under *Pine*, ibid, he was estopped from now raising it for the first time. In support of this argument, the Government has quoted from the Post Office Board Of Appeals And Review decision where the Board stated, in response to the alleged procedural errors, that:

> There is no citation of what was considered to be an improper and illegal investigation. Both you and your

attorney received access to investigative record information prior to the hearing. * * *

The Government is clearly wrong. Not only is "investigative record information" completely different from the hearing itself, the latter being where the alleged procedural error occurred, but the Board itself was aware of this difference. It specifically noted and rejected as among plaintiff's contentions:

> * * * * * *
>
> 2. The employee was denied administrative due process of law in being denied the right to cross-examine witnesses at his hearing when affidavits were submitted for the record by the Department. * * *

This the Government seems to have overlooked. Thus, plaintiff having maintained his position throughout, we now reach the merits of the parties' remaining contentions.

Before us for interpretation is Part 746 of the Postal Manual Regulations entitled "Grievances," specifically subpart 746.5 entitled "Adverse Action Appeal Procedure," at pages 4 and 5 thereof. The Government holds plaintiff's case to be limited by that part entitled

"Witnesses," which reads as follows:

> Appearances of witnesses will be encouraged, but shall be voluntary, and normally will be limited to one witness at a time. The administration of the oath or affirmation to witnesses will be given by the hearing officer. Postal employee witnesses will be on the clock for the period that they are necessary to the hearing. Witnesses shall have freedom from restraint, interference, coercion, discrimination or reprisal.

While this part is germane, the Government is wrong in its belief that only this part is applicable to the case. More important to the case than the "Witnesses" provision are the following parts of the provision entitled "Appeal Hearing Procedure:"

> * * * * * *
>
> The testimony of witnesses shall be under oath or affirmation, which will be administered by the hearing officer.
>
> * * * * * *
>
> The appellant, or his representative, followed by management, will present such witnesses and documentary evidence as each deems necessary. Each party shall have the right to cross-examine witnesses for the other.
>
> * * * * * *

The Board Of Appeals And Review, rejecting plaintiff's contention, stated:

> The Department's procedures provide for the presentation of witnesses on a voluntary basis. The Department does not provide payment for the travel of an appellant's witnesses * * *. The production of an appellant's witnesses is his responsibility and every reasonable effort is made to produce witnesses who are on the payroll of the Department. The hearing procedure is adversary in nature, thereby permitting cross-examination of witnesses. You were given the opportunity to present witnesses and were requested to identify the witnesses you wished to have appear at the hearing. * * *

The Board would appear to have misunderstood plaintiff's point or to be evading it. Plaintiff was not seeking travel pay for his own witnesses. He was pressing a far more vital point, the exclusion of affidavits by Government witnesses who were not made available for cross-examination.

The defendant argued there was no obligation on the Post Office Department to produce for cross-examination at the initial hearing affiants whose testimony was adverse to the plaintiff, if the plaintiff did not solicit them on his own. Plaintiff argued that the defendant did have to shoulder this burden if it wished to use their evidence, and that in light of its failure to do so, the introduction into evidence, over plaintiff's objections, of affidavits of Post Office Department and other witnesses, whom plaintiff wanted to cross-examine, in support of the charges against the plaintiff, was a de-

nial of the right to cross-examination and hence a denial of administrative due process of law. The production of witnesses plaintiff expected to rely on himself was simply not a matter in issue.

■ Clearly, separations made in a manner not conforming with the requirements of a valid departmental regulation are not lawful. Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Daub v. United States, 292 F.2d 895, 154 Ct.Cl. 434 (1961). We consider that the Department has in this case refused to conform to its own regulation. The document appears to us to import a true adversary hearing (as the Board characterizes it also) in which testimony on both sides is taken according to the rules of evidence. Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). If affidavits and other hearsay are admissible at all, except by consent or stipulation, it is only after the party offering the same has justified the offer on the ground of necessity. Such an exception to the hearsay rule possibly may be implied to avoid miscarriages of justice in view of the extant lack of subpoena power and provision for witness fees. We need not decide this now. No such justification was intimated here. Several of the affiants were Post Office employees who surely could have been produced if the Department had so willed. It preferred the forensic advantage to be derived from witnesses exempt from cross-examination and confrontation. This choice it no longer has. This regulation is new and we have been cited to no reported decision construing it. The familiar procedure by which an accused employee can exclude the use of affidavits against him, only if he directly requests the affiants to appear and also requests the Department to produce them, depends on regulation language that has been eliminated here. We explain the difference more in detail infra, and distinguish the cases decided under the old regulation. Suffice it here to say that such a procedure could not be characterized as truly adversary. Under it one can never be sure of cross-examining

an adverse and hostile witness, for if one requests him to appear, and he does so voluntarily, can the hearing officer be persuaded he is "hostile?" No party to a truly adversary proceeding should be required, at peril of losing the right of cross-examination, to request the presence of the witnesses against him, who in reality he wishes to stay away. The language before us does not admit such a construction. Testimony is to be under oath. The hearing officer is to administer the oath to the witnesses. Each party may cross-examine witnesses for the other. An affidavit cannot come in as a "document" except possibly in the instances noted above, for documentary evidence in law means such as is authenicated and admissible according to evidentiary rules. Prior rules (see below) expressly authorized affidavits; they are not so referred to here. When this agency wished to provide otherwise it knew how to do so; in the provision, 746.2 (par. 8), relating to hearings on grievances other than adverse actions it states:

* * * there shall be no confrontation of witnesses nor shall either side be permitted to cross-examine the other * * * the hearings will not be limited by legal rules of evidence and procedures * * *.

Defendant's brief argues that plaintiff is relying on a regulation not made for protection of employees. This contention does not relate, however, to the material above cited, which defendant first produced for us on our request made during oral argument. It relates to a volume known as Confidential Instructions For Postal Inspectors, which in much of the previous course of this case was mistakenly treated by the parties as embodying the governing regulations. That a regulation is inapplicable in a back pay suit if not made for protection of employees, is a proposition our late brother, Judge Whitaker, put forward in dissenting in Daub, supra, at 292 F.2d 901, 154 Ct.Cl. 441. We have no doubt that the regulation properly here involved was made for protection of employees, among

other purposes, as appears upon its face, and therefore it is unnecessary to consider whether the statement, though made in dissent, was correct.

The Government's final argument is that before a plaintiff can assert, as a basis for recovery, a denial of the right to cross-examine witnesses, he must establish either that he timely attempted to obtain the witnesses by his own efforts or that he had an excuse for not doing so. It cites Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, on petition for rehearing, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136 (1963). The Supreme Court in that case held a discharge not to be vitiated by a denial of the right to cross-examination at the employee's hearing where the employee's request for cross-examination was neither timely nor in conformity with the applicable regulations. Two things stand out in that decision: first, the request for the production of witnesses who had supplied affidavits had not been made until the hearing commenced, and second, the applicable regulation (5 C.F.R. § 22.607 (rev. Jan. 1, 1961)) contemplated that the party desiring the presence of witnesses even for cross-examination purposes should assume the initial burden of producing them. That regulation, entitled "Appearance of witnesses," as the Supreme Court noted, provided:

> * * * The Commission is not authorized to subpoena witnesses. The employee and his designated representative, and the employing agency, must make their own arrangements for the appearance of witnesses.

The Court in the course of its decision distinguished Vitarelli v. Seaton, supra, wherein a dismissal was held to be invalid because of a violation of the applicable regulations. There a section of the executive order which governed the dismissal proceeding gave the employee the right "to cross-examine any witness offered in support of the charges." The Court, though recognizing the exceptional nature of a dismissal based on security grounds, did not require as a prerequisite to cross-examination by the employee that the employing department actually offer an informant as a witness, as the use of the word "offered" in the regulation might suggest. The Court said (359 U.S. at p. 544, 79 S.Ct. 968 (at page 975)) that the regulation put the initial burden on the employing department to call as a witness any informant, not properly classifiable as "confidential," if the information he had furnished was to be used by the Board against the employee.

The regulation being interpreted in Williams v. Zuckert, supra, certainly went to the heart of that case. In the case at bar, no regulation of that type is to be found in the Postal Manual, part 746.5 which governs this case. The statement that the employee must make his own arrangements for appearance of witnesses is nowhere found, not in *haec verba* and not in substance. What we do have is a regulation providing: " * *. * Each party shall have the right to cross-examine witnesses for the other." This is certainly closer to the regulation being construed in *Vitarelli* than it is to that in Williams v. Zuckert.

The regulation before the Supreme Court in Williams v. Zuckert, also provided (though not mentioned in that Court's opinion) in 5 C.F.R. 22.401 (1961 ed.) under the heading "Investigation," as follows:

\* \* \* \* \* \*

> (b) *Evidence*. Statements of witnesses shall be by affidavit, when practicable, and relative to the adverse decision.

We referred to this part in our latest decision following Williams v. Zuckert; Cohen v. United States, 369 F.2d 976, 986, 177 Ct.Cl. 599, 616 (1966), cert. denied 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed. 2d 969 (1967), and involving the same regulation. The approved procedure was that affidavits taken by the employing agency or the Civil Service Commission should be the normal type of evidence before all tribunals and officers exercising appeal or review functions with respect to the adverse action involved. It was consistent that a party demanding direct confrontation of adverse witnesses was

required to perform an elaborate ritual to justify his rejection of the normal manner of doing things. The regulation before us now includes no corresponding provision, although parts 745.22, 745.51 and 745.52 indicate inferentially that the affidavit is not entirely obsolete in adverse action cases.

A number of cases in this and other courts apply or distinguish the rule of Williams v. Zuckert, and though of recent date, all involve the regulation language construed in Williams v. Zuckert. It is not necessary to discuss this further; it is necessary to exercise care to avoid applying them to regulations not of the Williams v. Zuckert type. These are the cases referred to: Cohen v. United States, supra; Wissner v. United States, 176 Ct.Cl. 1372, cert. denied 386 U.S. 981, 87 S.Ct. 1284, 18 L.Ed.2d 229 (1967); Kaers v. United States, 175 Ct.Cl. 111 (1966); Hanifan v. United States, 354 F.2d 358, 173 Ct.Cl. 1053 (1965); De Nigris v. United States, 169 Ct.Cl. 619 (1965); Begendorf v. United States, 340 F.2d 362, 169 Ct.Cl. 293 (1965); Studemeyer v. Macy, 120 U.S.App.D.C. 259, 345 F.2d 748, cert. denied 382 U.S. 834, 86 S.Ct. 78, 15 L.Ed.2d 77 (1965); and earlier phases there referred to: McTiernan v. Gronouski, 337 F.2d 31 (2d Cir. 1964); Brown v. Macy, 340 F.2d 115 (5th Cir. 1965).

█ The Government cites most of these cases in its brief, but fails to note that the regulation construed is different. It follows that we need not consider the often fascinating jurisprudence of these cases, as e. g., in *Hanifan*, whether an accused employee is excused from going direct to a hostile affiant when the affiant is an agency employee who already knows he is wanted. We hold that under the regulation here to be construed, the hearing officer should have excluded the introduction of adverse affidavits on timely objection, whether or not the employee ever went to the affiants and requested their presence at the hearing, or requested it of the agency itself.

We may add that the association in one set of charges of a variety of complaints against the employee, some relating solely to his private life, and supported by an array of affidavits, generated a situation where the Williams v. Zuckert procedure appears peculiarly oppressive and the beneficent intent of the executive in effecting the changed regulation is happily illustrated.

Powell v. Zuckert, 125 U.S.App.D.C. 55, 366 F.2d 634 (1966), deals with a regulation apparently a variant from the Williams v. Zuckert family. The court holds, on authority of Vitarelli v. Seaton, supra, that the discharge of the plaintiff there involved was invalid because of the admission at the hearing of an adverse affidavit over objection. The regulation provided that "if a witness is unavailable, a signed statement" might be received. The court reasoned (a) that counsel for Powell could not have requested the witness's presence because he was not told she would be "used", and (b) that the agency failed to make any effort to produce her.

For lack of an adequate record, we have not attempted to determine whether plaintiff here had adequate notice what witnesses would be "used," and our holding is not to be taken as passing on that point. The *Powell* decision appears to be consistent with the result we reach, but we do not cite it as direct authority. Neither side cited it to us.

In conclusion, the plaintiff is entitled to recover. His motion for summary judgment is granted and the defendant's motion for summary judgment is denied. The amount of recovery will be determined under Rule 47(c).