1398

**John A. FLETCHER, Jr., Plaintiff,**

v.

**COMMISSIONER OF CIVIL SERVICE,
etc., et al., Defendants.**

**Civ. A. No. 1028.**

United States District Court,
E. D. Tennessee,
Winchester Division.

May 4, 1971.

Floyd Don Davis, Winchester, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., George H. Garrett, Asst. U. S. Atty., Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a judicial review of a decision of the board of appeals and review of the United States Civil Service Commission, denying the plaintiff's claim for reinstatement to his former position as an inspector of the Post Office Department of the United States. 5 U.S.C. §§ 701, et seq.; 50 U.S.C.App. §§ 451, et seq.; United States Postal Manual, § 712.3. There is no genuine issue of material fact extant between the parties, and both have interposed motions for a summary judgment. Rule 56(a), (b), (c), Federal Rules of Civil Procedure.

The salient facts are undisputed: Mr. Fletcher was removed from his position as a federal postal inspector in 1964. The Court of Claims found that Mr. Fletcher's discharge was wrongful and awarded him backpay for the period, July 18, 1964–May 15, 1968. Fletcher v. United States (1968), 392 F.2d 266, 183 Ct.Cl. 1 [decided March 15, 1968]. The Post Office Department made no offer by April 6, 1968 to reinstate Mr. Fletcher to the position, from which he had been removed wrongfully, and on that date he entered the armed services for active duty training. His request for an extension of his tour of military duty for 89 additional days was granted on September 11, 1968. The Post Office Department offered on September 13,

1968 to reinstate Mr. Fletcher to his former position. He was advised that if he accepted the offer, he was to report for resumption of his postal duty on October 14, 1968.

Mr. Fletcher responded to this offer affirmatively but invited attention to the fact that his tour of duty with the armed services would not end until the following January first. He inquired of the postal authorities concerning the specified reporting date for his returning to his former position. Such date was rescinded temporarily by such authorities, and Mr. Fletcher was requested to submit to the postal authorities a copy of his current military order. Upon a review of such orders, the postal authorities withdrew the offer to reinstate Mr. Fletcher to his former position,* on the ground:

\* \* \* \* \* \*

\* \* \* It now appears that you voluntarily removed yourself from the ready, willing, and available status by re-enlisting and thereby committing yourself to a tour of duty which will not expire until January 1, 1969.

We have talked with military authorities who advise that the September 11 orders would only have been issued as a result of your voluntary request for active duty and that they could be revoked upon request of the person to whom issued if a valid reason such as a release to return to or accept private employment were given.

\* \* \* \* \* \*

\* \* \* I offered you reinstatement and gave you nearly four weeks in which to make the necessary arrangements to report for work. You had ample opportunity to request the revocation of the September 11 orders, but you apparently made no such effort.

I consider this matter closed.

\* \* \* \* \* \*

Mr. Fletcher pursued his remedies in the Court of Claims of the United States.

This appropriate authority, Ainsworth v. United States (1968), 399 F.2d 176, 180 [2], 185 Ct.Cl. 110, found that he had undergone unjustified or erroneous personnel action on the part of the Post Office Department that resulted in the withdrawal of all his pay. Mr. Fletcher claims that, as a result of such finding, he is to be deemed for all purposes to have performed services for the Post Office Department during the period of his wrongful discharge from his employment, in which he left his career position with the postal service in response to an order to active military duty for training in the armed forces of the United States, and that he was entitled to restoration to his former position at the conclusion of such duty. 5 U.S.C. § 5596 (b) (2).; United States Postal Manual, § 712.311.

The board of appeals and review of the Civil Service Commission construed the word "deemed", as used in 5 U.S.C. § 5596(b) (2), to create merely " \* \* \* a legal fiction to give the individual benefits which are based on service \* \* \* ", citing People of State of California v. The Jules Fribourg, D.C. Cal. (1956), 140 F.Supp. 333, 338, which does not establish an employer-employee relationship during the disputed period. Such a construction of that statute is not in accordance with law and must be set aside by this Court. 5 U.S.C. § 706 (2) (A); Charlton v. United States, C. A. 3rd (1969), 412 F.2d 390, 392 [1].

" \* \* \* The word 'deems' does not leave it to the [defendants] to pick and choose what [they] would like to see. \* \* \* " Chernack v. Radlo, C.A.1st (1964), 331 F.2d 170, 171 [2]. " \* \* The word 'deemed' gives rise to a conclusive presumption or substantive rule of law. \* \* \* " Kohn v. Myers, C.A. 2d (1959), 266 F.2d 353, 357 [10]. The Back-Pay Act of 1966 consolidated and liberalized existing law on the restoration of an employee to his position after an adverse administrative action against him had been found by appellate author-

---

\* The Court pretermits any issue of the arbitrariness of the agency's action.

ity to have been erroneous or unjustified. Back-Pay Act of 1966, Senate Report no. 1062, 2 U.S.Code Congressional and Administrative News 2097. Thus, Mr. Fletcher is to be deemed for all purposes, including the purposes of restoration to his former position with the postal service after military duty, to have performed service for the Post Office Department during the period of his wrongful discharge.

The defendants' motion for a summary judgment hereby is denied. The plaintiff's motion for a summary judgment hereby is granted. The Postmaster General of the United States, and his authorized representatives, hereby are ordered to deem Mr. Fletcher as having performed service for the Post Office Department during the period including April 6, 1968, when he left his career position in the postal service after having been ordered for active duty for training in the armed forces of the United States, and to restore him forthwith to his former position, if available, or to a position of like seniority, status, and salary level, or to positions to which he might have been promoted or reassigned while in military service.