Plaintiff Charles Thorn was a civilian Army Reserve Technician at Roslindale, Massachusetts, assigned specifically to the 5th Battalion, 5th Field Artillery, 187th Infantry Brigade, as Staff Administrative Specialist, GS-7. In 1976, as part of a more general program, the Army transferred the 5th Artillery Battalion to Fort Tilden in New York, its mission remaining unchanged. On July 19, 1976, plaintiff was told that his position and function would be transferred to Fort Tilden, and that he had the opportunity to accompany the function. He was also told that, if he *750 chose not to transfer with his function, "and in the absence of placement opportunity in your present commuting area, it may be necessary to issue you a separation notice for declining transfer.”
The next day Thorn declined to accept the transfer. No vacancy comparable to his position existed in the Roslin-dale area, but the Army offered him in that area a GS-6 Administrative Supply Technician position which would allow him to retain for two years his GS-7 level pay. Plaintiff said that he would accept that reassignment, subject to three conditions: (1) that he would service only one-half of the personnel in the new unit; (2) that he would not accept any responsibility for the Reserve Center (of which his new unit was a part); and (3) that he be issued a firearm (due to the high crime area of the new unit). The Army treated these conditions as a declination of the new post.
Thereafter (on October 7, 1976) a formal notice of proposed separation was issued to plaintiff, to be effective October 22, 1976. The removal was duly effected, and plaintiff appealed to the Federal Employee Appeals Authority (FEAA) of the then Civil Service Commission. The FEAA upheld the separation, and the Merit Systems Protection Board (as the successor appellate agency) refused to review that determination. This suit was then brought in the District Court for the District of Columbia which transferred it to this court. Both parties have moved for summary judgment, and we have heard oral argument. We uphold the removal.
Plaintiffs main point is that, if the Army needed to reduce its personnel in the Roslindale area, it should have used the mechanism of reduction-in-force, rather than that of transfer of function. A reduction-in-force might have been better for plaintiff personally-it would probably have enabled him to "bump” some other employee in the area-but we cannot disagree with the FEAA’s holding that a transfer of function was proper in this instance, in order to minimize disruption. First, the 5th Battalion was correctly found an "identifiable segment” of the brigade’s mission, *751 under the regulations, and therefore a function which could be transferred by itself, as it was.[1] Second, although Thorn maintains that his position was fully interchangeable with other Army Reserve Technicians and he could not be identified with the 5th Battalion, the administrative tribunal admissibly found, on the record, that he was in fact specifically tied to that unit. Not only was he so characterized when promoted to his GS-7 post, but more-than-substantial evidence at the hearing shows that reserve technicians with the same job description performed much different work, depending on the type and character of the particular unit to which they were assigned. Third, as we have just pointed out, the civilian functions of the reserve technician in this case were so interconnected with the military functions that there is no room for the exception from the transfer-of-function rules for civilian functions that are "entirely separate” from the military function (which has been transferred). In sum, there is no basis on the record before us for challenging the Army’s discretionary decision to transfer the civilian and military functions of the 5th battalion.
Plaintiffs other contentions are likewise without merit. Refusal to accompany one’s job to a new location is so well-known and established a ground for an adverse action and removal (see, e.g., Colbath v. United States, 169 Ct. Cl. 414, 341 F.2d 626 (1965)) that it is unimportant that the letter-of-charges did not say explicitly that termination was necessary in order to promote the efficiency of the service. See Begendorf v. United States, 169 Ct. Cl. 293, 297 n.3, 340 F.2d 362, 365 n.3 (1965). In finding plaintiff another position in the Roslindale area at one grade lower but with retained pay for two years, the Army fulfilled any obligation it may have had toward him; his effective declination of that job was his own choice. Finally, the Army did not transgress its transfer order when it directed his relocation; the order’s statement that "relocation is without personnel with equip *752 ment” plainly referred only to military personnel, not to civilians.
For these reasons,[2] defendant’s motion for summary judgment is granted and plaintiffs is denied. The petition is dismissed.

 The Federal Personnel Manual expressly permits a transfer of functions in this situation so as "to seal off the affected function and the employees identified with it and thus minimize any resulting disruption of the remaining work of the losing agency.”

 We need not reach the Government’s other contentions that plaintiffs claim is barred by laches; that his discontinued service retirement in October 1976 was voluntary, barring any recovery in the present suit; and that his refusal to accept the job in Roslindale (which was offered to him) shows that he was not ready and willing to work during the period for which back pay is sought.