**Edward HOLTZMAN**
**v.**
**UNITED STATES.**
**No. 427-57.**

United States Court of Claims.
July 16, 1958.

Robert J. Spiegel, Philadelphia, Pa., for plaintiff.

Frances L. Nunn, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff has brought this suit to recover pay which he alleges is due him by the Government because of his alleged illegal separation from Federal employment. The case is before us on cross-motions for summary judgment, together with the pleadings and attached exhibits. There is no dispute as to any material fact.

Plaintiff, a veterans preference eligible, was employed by the Department of the Air Force on October 26, 1954, as a Production Controller, Grade GS–7, at the Griffiss Air Force Base, Rome, New York. He was subsequently promoted to Production Specialist, Grade GS–9, and transferred to the Philadelphia Air Procurement District, Philadelphia, Pennsylvania.

On June 1, 1956, after receiving complaints with respect to plaintiff's failure to pay certain debts and his repeated issuances of worthless personal checks, the Philadelphia Air Procurement District, having previously warned plaintiff of possible disciplinary action if such acts continued, gave plaintiff a 30-day Notice of Proposed Removal for Misconduct, of

which five specific instances were stated. He was notified of his right to reply, and that no final decision would be made until his reply had been received and considered.

Also, on the same date, setting forth essentially the same charges, a notice of proposed suspension during the 30-day notice period was issued to plaintiff. Plaintiff replied in writing to this latter notice within the allotted two days, and on June 7, 1956, he received notice of his suspension for a period of 27 days beginning June 7, 1956, and ending July 3, 1956.

Plaintiff made no specific reply to the proposed removal notice other than oral statements made to the Chief of the District. The agency, after considering plaintiff's oral statements and the written ones, in reply to the suspension notice, determined that the proposed action of removal should be effected. On June 19, 1956, plaintiff was so notified, and he was separated, effective July 3, 1956.

Plaintiff appealed both his suspension during the notice period and his dismissal to the Third Region Office of the Civil Service Commission. The Third Region found that the procedural requirements of section 14 of the Veterans' Preference Act, 5 U.S.C.A. § 863, had been met with respect to the removal action and affirmed that action by the agency; but it found that the suspension action was invalid on the grounds that the agency had failed to show the necessity for denying to plaintiff the customary right of an employee to be retained on the pay roll during the notice period.

As the result of this decision, plaintiff's 27-day suspension was cancelled, and the appropriate changes were made in his records to show that for that period he was retained in an active duty status. The General Accounting Office then authorized payment to plaintiff for the suspended period, and he was paid.

Plaintiff then appealed to the Board of Appeals and Review of the Civil Service Commission. There he contended, as he does here, that the presence of procedural error with respect to the suspension action invalidated the dismissal action as well.

Before the Board of Appeals the agency insisted that the suspension action and the removal action were two distinct matters, and that an error in one did not invalidate the other. The Board of Appeals agreed. We also agree.

As the defendant urges, the situation here is not unlike that which existed in Taylor v. United States, 131 Ct.Cl. 387, and Kenny v. United States, 145 F.Supp. 898, 134 Ct.Cl. 442. In those cases we found that the procedural requirements of section 14, insofar as the proposed dismissal actions themselves were concerned, had been complied with, but that the agencies involved were in error in requiring the employees to utilize their accrued annual leave during the 30-day notice period. We allowed the recovery of pay for those 30-day periods but denied it after the effective date of the dismissal. If error has been committed affecting an employee's pay during the 30-day notice period, such as that which existed in the Taylor and Kenny cases, supra, and as occurred here, nevertheless the employee's eventual dismissal at the end of the 30-day period, absent any further showing of procedural error, must stand. Such employees are entitled to no more than the pay for the 30-day period. This pay plaintiff has already received.

Defendant's motion for summary judgment is granted, and plaintiff's like motion is denied. Plaintiff's petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.