FRANK V. ZACCARIA, Judge ad hoc.
The facts of this case are basically undisputed. On July 17, 1972, appellant, a New Orleans police officer, arrested a subject and after giving him several traffic tickets, arrested him for allegedly violating LSA-R.S. 14:122 i. e. Public Intimidation. The arrested subject filed a complaint with the Internal Affairs Bureau of the New Orleans Police Department, alleging that he had been falsely ticketed and arrested by Officer Farrell. On August 18, 1972, appellant was notified that he had been given an emergency suspension while allegations that he had falsely issued tickets, submitted false reports and had been untruthful were being investigated. On September 12, 1’972, Mr. Farrell appealed his suspension by submitting a letter to the Department of Civil Service, stating that he, appellant, wished to appeal his suspension of August 18, 1972. Subsequently, on September 21, 1972, Howell F. Farrell was suspended for 20 days, such suspension having begun on September 1, 1972, and ending September 20, 1972, and dismissed from the New Orleans Police Department effective September 21, 1972. The following day, September 22, 1972, the Police Department amended and corrected the letter of September 21, 1972. Mr. Farrell was advised that he had been suspended for a total of 33 days, such suspension having begun on August 19, 1972, and ending on September 20, 1972, and dismissed from the Police Department effective September 21, 1972. No appeal was taken from either of the two latter disciplinary letters.
A hearing on his appeal was set for October 12, 1972, which was continued by the Civil Service Commission until November 9, 1972, because of the “heavy docket of the Commission”. Again, on November 9, 1972, because of the heavy docket of the Commission, the appeal was referred to Mr. Ralph D. Dwyer, Jr., Hearing Examiner appointed by the Civil Service Commission and hearing was set by the Hearing Examiner for December 5, 1972. Because of the fire in the Rault Center on November 29, 1972, in the building housing the offices of the attorney for appellant, the hearing was continued by the Hearing Examiner to December 13, 1972.
On December",13, 1972, at the commencement of the hearing, the Hearing Examin *459 er and the attorney for appellant were notified by the attorney for the Appointing Authority of his contention that appellant, while he had filed a timely appeal to the suspension, had not filed a timely appeal to the dismissal arising out of the same incident. The Appointing Authority’s exception was made verbally and the Hearing Examiner continued the case to January 11, 1973 to enable the attorney for the Appointing Authority to file a written exception, which was filed on December 20, 1972. At the hearing on January 11, 1973, the Commission upheld the exception of prescription as to the appeal from the dismissal of the appellant and further ruled that a timely appeal had been filed with respect to the suspension of appellant. It is from this ruling that this appeal is made.
This Court is of the opinion that the Commission erred. Louisiana Revised Statutes 9:5801 provides, in part, as follows :
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue .
The Louisiana Courts have liberally construed and. applied the provision of LSA—R.S. 9:5801 so as to allow any and all amendments to pleading for the purposes of enlarging the demand to include additional remedies, to state a cause of action where one had not been previously alleged in the pleadings, and even to allow the addition of parties by intervention after the passage of a year. In order to stop the tolling of prescription, the Courts only require that the defendant be notified of the nature of the proceedings instituted against him. Louisiana Revised Statute 9:5801; Carona v. Radwin, 195 So.2d 465, (La.App. 4th Cir. 1967), writ refused, 250 La. 639, 197 So.2d 897 (1967); National Surety Corporation v. Standard Accident Insurance Co., 247 La. 905, 175 So.2d 263 (1965); Phillips v. Garden, 211 So.2d 735 (La.App. 2nd Cir. 1968); Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488 (1936), and Mid-States Insurance Co. v. Lang, 240 So.2d 908 (La.App. 4th Cir. 1972).
The law does not assume that appellant will have an attorney represent him in all phases of litigation even if an attorney were known to represent a defendant in one phase. For this reason the rules relating to civil service in the City of New Orleans allowing an appeal within 30 days of the actions taken against an employee are shown to the employee and his attention is called to said rule. (See page 18 of the transcript.)
This was done on the notice of suspension of twenty days but not on the disciplinary letters of September 21 and 22, 1972 written by Chief Giarruso. More important, nothing was ever done by the commission to indicate to the appellant that he had a right to appeal the actions of September 21 and 22, 1972. Thus, unlike the commission’s notice to appellant of his right to appeal the original suspension, he was never significantly warned of his right, or the need, to appeal said latter actions.
Counsel for appellee contends that the holding in Holtzman v. United States, 163 F.Supp. 863, 143 Ct.Cl. 108, is analogous to the instant case. Said case allowed the dismissal action to proceed after dismissing a suspension action on procedural grounds, rationale being that they were two distinct matters.
We agree that they are distinct. However they are directly inter-related and stem from the same incident. They have the same cause of action. When an appeal was taken from the suspension action it was enough to convince an unwary employee that it also applied to a more severe punishment meted out for the some offense for which the suspension was imposed. Particularly since the commission did not notify him of his right to an appeal of the dismissal.
*460 The court does not mean to imply as a' result of this judgment that the actions of Chief Giarruso and the Civil Service Commission were devious and purposefully dis-crimintory against the appellant. Their actions were apparently performed with all candor and honest purpose. Further, the court does not indicate herein whether or not the punishment afforded to appellant was deserved. He may be innocent and he may be guilty. We believe he should have his day before the commission and not be deprived of a hearing on a technicality which we find unwarranted, all circumstances herein being considered.
The ruling of the Civil Service Commission for the City of New Orleans is hereby reversed and the matter remanded for hearing before said commission.
Reversed and remanded.