301 So.2d 396 (1974)
Joseph A. LEMOINE
v.
DEPARTMENT OF POLICE.
Gerald O'NEILL
v.
DEPARTMENT OF POLICE.
Nos. 6366, 6367.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Michael A. Starks, Asst. City Atty., for Dept. of Police, appellee.
James R. Sutterfield, New Orleans, for Joseph A. Lemoine and Gerald O'Neill, appellants.
*397 G. Patrick Hand, Jr., New Orleans, for Joseph A. Lemoine, appellant.
Before STOULIG, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This is an appeal by two New Orleans Police officers, Joseph A. Lemoine and Gerald O'Neill, from adverse decisions of the Civil Service Commission of the City of New Orleans in which their suspension and later their discharge was affirmed.
The facts are as follows: In the early morning of September 12, 1972, a motorist reported to the Police Department that he had been stopped by two uniformed police officers who accused him of driving his vehicle while intoxicated, and that these officers solicited him for $50.00, after payment of which he was permitted to proceed without any charges made against him. While this matter was being investigated another report was received from a different motorist on September 13, 1972 that he had been stopped the previous night for an alleged violation and was solicited by the two police officers for $10.00, with similar results. He noted the license number of the vehicle driven by the officers and further investigation showed it to be assigned to the appellants herein. On the afternoon of September 13 the two officers were requested to report to the Internal Affairs Division Office, and Officer Lemoine was first to report. He was questioned by Major James H. Arnold, Internal Affairs Division Commander, about these incidents and gave verbal statements in the course of which he decided that he wished to proceed with benefit of counsel and the inquiry was stopped until he obtained counsel. From this point on, it is stipulated that the same facts apply to both officers and these are essentially as follows.
The accused officer appeared before Major Arnold at about 10:15 P.M. September 13th relative to the allegation of public bribery made against both by the first complainant, and was advised by Major Arnold that the Internal Affairs Division Office was conducting a criminal investigation into the allegation of public bribery, that he was not required to make any statement but could remain silent, that any statements made may be used against him and that he may consult with an attorney or have one present when questioned, that if the officer could not afford an attorney upon request one would be provided. Each officer had an attorney present and refused to answer questions, relying upon his right against self-incrimination guaranteed by the 5th Amendment to the United States Constitution.
The officer was then notified that the criminal aspect of the investigation was then ended, and that in addition to the criminal investigation there was also a departmental internal investigation relating to essentially the same subject matter. The officer was then informed that Subsection (P)(1) of § 15 of Article XIV of the Louisiana Constitution required all Civil Service employees, including him to answer questions relating to the conduct of any State or City officer and refusal to answer on the grounds that one's answer would tend to incriminate him shall operate as a forfeiture of their Civil Service position. He was then shown a copy of that law. The officer was requested to voluntarily answer questions relating to the departmental investigation and advised that any statements or answers given in connection with this investigation would not be used against him in a criminal prosecution. The officer again refused on the same ground. The officer was then ordered to answer the questions relating to the departmental internal investigation and again refused to answer.
On September 13, 1972, the officer was notified by letter that he was suspended from duty as follows:
"Effective this date, at (5) 10:30 P. M., you are suspended from duty in connection with an allegation that you acted in a manner unbecoming an officer in that on or about (6) September 13, 1972 *398 about (7) 10:15 P.M., while at or near (8) the Internal Affairs Division office you (9) refused to obey the lawful order of Major James H. Arnold directing you to cooperate in a Departmental internal investigation by answering questions, you having been advised that any statement made by you in the Departmental internal investigation could not be used against you in a criminal prosecution.
"Such misconduct constituted violation of paragraph a. of Article 52 of the Rules for the Administration of the Department of Police, Department Regulation 22-2, which reads as follows:
"`a. A member shall promptly and fully abide by or execute instructions issuing from any authoritative source.'"
On September 19, 1972, the officer was sent a letter by the Department of City Civil Service acknowledging receipt of the notice of disciplinary action taken against him and notifying him of his right to appeal. The officer timely filed notice of appeal, which was received September 27, 1972.
On October 2, 1972, the officer was notified by letter of the Superintendent of Police that he was suspended for a period of 18 days, such suspension having begun September 14, 1972 and extended through October 1, 1972 and that he was also dismissed from the Department effective October 2, 1972. This letter related in great detail the activities of the investigation and all of the circumstances and facts uncovered therein. This letter stated that the officer was in violation of "Rules for the Administration of the Department of Police", particularly Article 59, requiring co-operation in performance of duty; Article 52, execution of instructions from authoritative source; and Article 54, disobedience of orders; as well as violation of Subsection (P)(1) of § 15 of Article XIV of the Constitution of the State of Louisiana; all as a result of his refusal to answer the questions of Major Arnold in the Departmental Internal investigation. The letter then went on to state that the officer had given a statement on September 25, 1972, but that due to the evidence uncovered in the investigation, that statement was considered to be untrue and in violation of Article 29 of the Rules for the Administration of the Department of Police requiring truthfulness. Additionally, based upon the facts uncovered, the officer violated Louisiana Revised Statutes 14:118 entitled "Public Bribery" and also violated Articles 26, 27 and 51 of the Rules relating to personal conduct, adherence to the law and obligations in general. The letter then concluded that the officer's total misconduct as outlined above constituted a violation of Paragraph 1.1 of Section 1, Rule IX, Rules of the Civil Service Commission for the City of New Orleans relative to maintaining standards of service.
Additionally, on October 6, 1972, the Superintendent notified the officer by letter that the letter of dismissal dated October 2, 1972 was amended to contain an incident of public bribery which came to the attention of the department after that time, having been reported on October 3, 1972, in which a third instance of solicitation of a bribe from a motorist came to light.
The record shows that no notification of receipt of disciplinary action was communicated by the Department of City Civil Service to the officer, advising him of the rules of the City Civil Service Commission relative to appeal, and the officer made no appeal to the City Civil Service Commission as had been done in the first instance of suspension.
We have related in detail the above proceedings because of the issues presented to us on this appeal. When these officers appeared before the Civil Service Commission for hearing, they were met with an exception of prescription, alleging that they had not timely appealed to the Commission from the two letters of dismissal, and that the period of limitation of action having run, they could no longer prosecute such appeal, and the order of dismissal from the Service was final. This exception *399 was maintained by the Commission on April 18, 1973 upon its finding that more than 30 days had lapsed from the action of dismissal without an appeal of that dismissal being filed as required by Civil Service Rule II, § 4.3. The Commission ruled that there was therefore no appeal from the dismissal, that an appeal had only been perfected from the original suspension and that it would hear only the appeal from the original suspension. Thereafter, a hearing was held on the matter of the suspension for refusal to obey orders, and the suspension was affirmed by judgment rendered September 5, 1973. The appeal to this court followed.
Appellants urge to us that the Commission erred in maintaining the exception of prescription. As we have outlined above, the record does show that more than thirty days elapsed from the letters of dismissal to the time of the exception being filed, and that no written notice of appeal from those two letters were ever filed by appellants. However the record does show the timely notification of appeal by the officers from the letter of suspension.
We refer to the case of Farrell v. Department of Police, 290 So.2d 457 (La.App.4th Cir. 1974). In that case we held that a policeman who was notified of his right to appeal the original suspension, but was never significantly warned of his right, or the need, to appeal from a subsequent dismissal, was not precluded from appealing his dismissal by failure to file another appeal to the Civil Service Commission within thirty days after the dismissal. We believe this principle to be controlling of the circumstances in this case. We note that while the grounds for suspension and for dismissal are not identical, nevertheless the primary grounds for the suspension was the failure to answer questions in response to an order to do so and that this is also a major ground for the subsequent letter which affirmed the suspension and additionally ordered the dismissal. The other grounds mentioned arise out of the same incident under investigation, and as to which the officer was sought to be questioned, and the entire matter is interrelated. As we stated in Farrell, although we recognize a distinction between a suspension and a dismissal, when the bases of these actions are directly interrelated and stem from the same incident, an unwary employee who appeals from the suspension may be convinced that his appeal also applied to the dismissal for the same offense, particularly when the Commission does not notify him of his right to an appeal of the dismissal. The employee is entitled to the written notice of his right of appeal from his dismissal.
Turning now to a consideration of the letter of October 6th, although obviously containing entirely new and distinct grounds of dismissal, it recited that it was simply an amendment to the letter of dismissal dated October 2 and reiterated the suspension and the dismissal. No notice of the right of appeal was given and we believe the rationale of Farrell similarly applies.
Accordingly, we are of the opinion that the Commission erred in maintaining the exception of prescription and we remand the question of dismissal back to the Civil Service Commission of the City of New Orleans for a hearing, or such other procedures which may be consistent therewith.[1]
We now turn our attention to the other errors urged to us, which levy both a constitutional and factual attack upon the findings on the merits of the suspension. *400 The Commission entered into a discussion of the facts of this case together with specific findings of fact in reaching its decision to affirm the action of suspension and dismiss the appeal. We agree with its findings of fact, which are substantially related above in our outline of the proceedings before Major Arnold. The basic defense is simply whether the right of self incrimination under the 5th Amendment of the United States Constitution, precludes any penalty attaching to a police officer under Civil Service who refuses to answer questions in a departmental inquiry after being told that these answers will not be used against him in any criminal proceeding. We are of the opinion that this issue has been settled by our decision in the case of Frey v. Department of Police, 288 So.2d 410 (La.App.4th Cir. 1973), which involved a similar investigation wherein the police officer was requested to undergo a polygraph test. In that case we said the following:
"It is significant that Frey was informed prior to the initial polygraph test that he was the subject of an administrative inquiry into possible violations of police department regulations. He was not asked to waive any state or Federal constitutional rights and nothing he said during the test could have been used against him in a subsequent criminal proceeding. These salient realities distinguish the instant case from Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562; Gardner v. Broderick, 392 U.S. 280, 88 S.Ct. 1920, 20 L.Ed.2d 1082 and Uniformed Sanitation Men's Association v. Commissioner of Sanitation, 392 U.S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 decisions cited by appellant and heavily relied on by him."
We have discussed the application of the cases cited at length in the case of Clayton v. New Orleans Police Department, 236 So.2d 548 (La.App.4th Cir. 1970) and we see no necessity to repeat that discussion. For similar holdings we refer to the case of Dieck v. Department of Police, 266 So.2d 500 (La.App.4th Cir. 1972) and Roux v. New Orleans Police Department, 223 So.2d 905 (La.App.4th Cir. 1969).
For the reasons above stated, we are of the opinion that the decision of the City Civil Service Commission affirming the suspension of the appellants is correct, and we affirm that portion of the judgment appealed from. As to that portion of the appeal relating to the question of dismissal, we set aside the decision maintaining the exception of prescription and reverse, overruling the exception of prescription and remand this matter back to the City Civil Service Commission for a hearing or other appropriate proceedings in accordance with the views expressed herein. Each party to this appeal shall bear his own appellate costs.
Affirmed in part, reversed and remanded in part.
NOTES
[1] We note that the Commission's decision of April 18, 1973 maintaining the exception of prescription was in a sense, a final judgment as to that issue, indicating that the appeal in this court may be untimely filed. However the decision is not final within the definition of Rule XVI § 1, Uniform RulesCourts of Appeals, which provides a decision shall be final on the date the Commission files its written decision disposing of the case with the Director of Personnel of the Civil Service Commission.