364 So.2d 155 (1978)
Robert CREADEUR
v.
DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE POLICE.
No. 12150.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
*156 Robert G. Levy, Baton Rouge, for appellee.
Thomas W. McFerrin, Baton Rouge, for appellant.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
The Department of Public Safety, Division of State Police (Department), appeals from judgment of the State Civil Service Commission (Commission) which reversed the action of the Department, as appointing authority for plaintiff Robert Creadeur, dismissing Creadeur from the permanent status of State Police Trooper for insubordinate refusal to obey the direct order of a superior to take a polygraph or lie detector test incident to an investigation concerning alleged misconduct on Creadeur's part. We reverse.
Plaintiff's termination is predicated solely upon a letter charging him with insubordination for declining to submit to either a polygraph (lie detector) or PSE (stress) test during the course of an investigation of certain non-criminal charges against him. Prior to being requested to take the test, plaintiff was advised by his superior, Lt. Colonel J. C. Willie, that plaintiff would be terminated if the test indicated plaintiff was not telling the truth or was guilty of any wrongdoing. The unrefuted testimony of Colonel Willie establishes that he did so inform Appellant but then immediately corrected his position and stated that the result of the test would not be used to discharge Appellant "or anything like that but to channel the investigation, to show us in what direction we should follow." Plaintiff appealed his dismissal and the Commission ordered his reinstatement upon finding that plaintiff's refusal to take the tests was not an act of insubordination.
The Department alleges error on the part of the Commission in (1) concluding that plaintiff's refusal was not an act of insubordination; (2) erroneously finding, based on the human experience of the Commission's members, that polygraph and stress tests are not infallible; (3) failing to follow our jurisprudence which holds that Civil Service Employees may be required to take such tests incident to investigations involving either themselves or others.
Assuming, arguendo, the Commission erred in concluding that polygraph tests are not infallible based on the human experiences of the Commission's own members, said ruling was nevertheless correct as a matter of law. We know of no instance in which polygraphs have been admitted in evidence absent prior consent of the party adversely affected. On the contrary, the overwhelming weight of authority is that such tests are inadmissible because the results thereof lack sufficient reliability to fully justify and support the opinions of experts predicated thereon. In other words, the tests are not infallible or totally conclusive. This rule is recognized by some *157 of the authorities relied upon by the Department in support of its contention that failure of an employee to take such a test constitutes insubordination. See Frazee v. Civil Service Board of Oakland, infra. Our own jurisprudence also holds such tests inadmissible in evidence. State v. Schouest, 351 So.2d 462 (La.1977).
We next consider the Department's contention that plaintiff's failure to take the test amounted to insubordination violative of Louisiana State Police Procedural Order 505.2, Section B, Paragraph 6, which provides:
"No member of the Division shall willfully disobey any lawful command or order, either verbal or written, of any officer senior in rank."
Also pertinent is Article 10, Section 8, Louisiana Constitution 1974, which states, in part:
"(A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing . . . The burden of proof on appeal, as to the facts, shall be on the appointing authority."
The Department insists that the Commission erred in failing to follow established jurisprudence, including our own, which holds that refusal to take such a test constitutes insubordination. More particularly, the Department cites and relies upon McCain v. Sheridan, 160 Cal.App.2d 174, 324 P.2d 923 (1958); Frazee v. Civil Service Board of Oakland, 170 Cal.App.2d 333, 338 P.2d 943 (1959); Coursey v. Board of Fire and Police Commissioners, 90 Ill.App.2d 31, 234 N.E.2d 339 (1967); Fichera v. State Personnel Board, 217 Cal.App.2d 613, 32 Cal.Rptr. 159 (1963); Clayton v. New Orleans Police Department, 236 So.2d 548 (La. App. 4th Cir. 1970); Callahan v. New Orleans Police Department, 171 So.2d 730 (La. App. 4th Cir. 1965); Roux v. New Orleans Police Department, 223 So.2d 905 (La.App. 4th Cir. 1969); Lemoine v. Department of Police, 348 So.2d 1281 (La.App. 4th Cir. 1977).
Notwithstanding the infallibility of lie detector tests, the foregoing authorities, including our own, do indeed recognize the right of an employer to require a civil service police employee to submit to a polygraph or similar test with respect to a matter under investigation whether the subject of investigation be the conduct of the officer himself, an internal departmental matter, or a crime or offense concerning which the police officer sought to be questioned is a witness or regarding which he has knowledge. The cases recognize, however, that the rule is not unqualified and is subject to the exception that an officer is not required to submit to such an order which is unreasonable or when legitimate reason exists for refusal to obey such an order. See Frazee, above.
Relying greatly on Fichera, above, our Fourth Circuit held in Roux, above, that a police officer was insubordinate in refusing to undergo a polygraph concurrent with his interrogation regarding the victim of a murder investigation, which victim was known by the officer. The officer was informed that the test was requested "to insure the integrity of the Police Department." The officer was also informed that he was not a suspect, was not charged with any crime and would not be subject to dismissal if the test proved adverse and that he would not be requested to waive immunity from prosecution.
While Roux, above, adopted and applied the rule espoused in Fichera, above, the following language appearing in Roux indicates clearly that the rule is not unqualified:
"We are guided to a great extent in our holding in the present case by what the Court said in the Fichera case, and we say also that there may be many circumstances wherein a superior's order that a subordinate officer submit to a polygraph test would be unreasonable." 223 So.2d at 911.
We are in agreement with Roux, above, that as a general rule a police officer may be required to take a polygraph or similar test where the request is reasonable and bears sound relationship to police work, lawful departmental policy or interdepartmental matters, but that the rule is not *158 absolute and is subject to the exception of reasonableness under the circumstances of each case.
Applying this pertinent concept to the case at hand, we find the request in this instance was reasonable. Plaintiff was first advised that he was under investigation for alleged misconduct and would be discharged if the polygraph proved adverse to him. This admonition was corrected immediately by his superior, who stated that Appellant would not be discharged, nor would any similar disciplinary measures be taken but that the result of the test would be used to channel the further direction of the investigation. Appellant was not requested or ordered to relinquish any rights, civil or criminal. We find the facts and circumstances of this case remarkably similar to Roux, above.
The judgment of the Commission is reversed and set aside and judgment rendered herein affirming the action of the Department of Public Safety, Division of State Police, dismissing plaintiff Robert Creadeur from the permanent classified position of State Trooper for insubordination, all costs of these proceedings to be paid by plaintiff.
Reversed and rendered.