Earnest A. **HANLEY**, Petitioner,

v.

**GENERAL SERVICES ADMINISTRATION,** Respondent.

No. 87–3040.

United States Court of Appeals, Federal Circuit.

Sept. 10, 1987.

---

Gary T. Brown, Herndon, McConville, Brown, Teller & Hessler, Washington, D.C., argued for petitioner.

Jeanne A. Anderson, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Mary Mitchelson, Asst. Director and Genevieve Holm, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on the brief for respondent. Also on the brief was Denny J. McGarry, Office of Regional Counsel, General Services Admin., of counsel.

Before FRIEDMAN, NEWMAN and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

The petitioner challenges a decision of the Merit Systems Protection Board (Board), affirming his removal from the General Services Administration (GSA or agency) for sexually harassing subordinate female employees and improperly authorizing use of a government vehicle, government equipment, and staff for non-official purposes. The petitioner contends that the procedures the agency followed in removing him denied him due process and otherwise were erroneous. We affirm.

I

The petitioner was the chief of a GSA criminal investigations unit. After Joyce Haywood, a former clerical employee whom the petitioner had terminated, filed a complaint with the agency that the petitioner had sexually harassed her, GSA Deputy Regional Administrator James Steele ordered an investigation. The investigation was conducted by Patricia Pinkney, a GSA investigator in the Inspector General's Office. Based on the report submitted by Ms. Pinkney, Mr. Steele issued a notice of proposed removal to the petitioner, giving him the reasons for his proposed termination.

The petitioner and his lawyer submitted oral and written responses to Mr. Steele. The petitioner denied the charges and alleged that Ms. Pinkney and Mr. Steele were biased against him. Mr. Steele recommended to GSA Employee Relations that the petitioner be terminated. The Removal Notice was signed by Mr. Steele, over the typed name of the GSA Regional Administrator.

Following a hearing, at which the petitioner was represented by counsel and at which 13 witnesses, including the petitioner, testified, the presiding official upheld the removal. Based upon her acceptance of the testimony of the agency witnesses and affidavits, and her rejection of the petitioner's testimonial denials that he had committed the offenses charged, the presiding official held that the evidence supported both charges. She further held that the penalty of removal was reasonable.

The full Board denied a petition to review.

## II

The petitioner does not challenge the sufficiency of the evidence to support the violations found or contend that the penalty of removal was unreasonable. He contends only that the agency's procedures were erroneous and require reversal of the removal.

■ A. The petitioner first contends that he was denied procedural due process because the same individual—Mr. Steele—ordered the investigation, issued the Notice of Proposed Removal, and signed the removal letter. He couples this argument with the claim that both Mr. Steele and the individual who made the investigation, Ms. Pinkney, were biased against him—a contention we reject in point II–B–2.

We have held, however, that

[a]t the pre-termination stage, it is not a violation of due process when the proposing and deciding roles are performed by the same person. The law does not presume that a supervisor who proposes to remove an employee is incapable of changing his or her mind upon hearing the employee's side of the case.

*DeSarno v. Department of Commerce,* 761 F.2d 657, 660 (Fed.Cir.1985).

The fact that Mr. Steele also ordered the initial investigation of the complaint of sexual misconduct does not require a different conclusion. The reasoning that led us to reject the due process claim in *DeSarno* is equally applicable to the additional function that Mr. Steele performed in this case.

The grounds upon which the petitioner attempts to distinguish *DeSarno* are unconvincing.

1. Contrary to the petitioner's contention, the record does not show that this was the only time Mr. Steele was both the proposing and the deciding official. Mr. Steele testified that in cases resulting from an investigation by the Inspector General, almost "all the time" he performs both functions. In any event, that fact would not provide a meaningful distinction from *DeSarno.*

2. The petitioner contends that the facts in *DeSarno* "were not controverted" but were admitted. The facts in *DeSarno,* however, were contradicted. *See* 761 F.2d at 659 ("The [petitioners' pretermination] replies attacked [the primary witness]'s credibility ..."), and at 660 ("[T]he record refutes DeSarno and Carter's implication that [the deciding officer's] ... decision [was] factually erroneous").

3. Finally, the petitioner contends that, unlike the situation in *DeSarno,* where "the record refute[d] DeSarno and Carter's implication that [the proposing/deciding officer] was biased ...," here the record established that Mr. Steele was biased against the petitioner. The petitioner has not demonstrated, however, that the record so establishes. The presiding official did not find that Mr. Steele was biased. Indeed, she did not discuss the bias issue at all—perhaps because it is unclear that the petitioner even raised it before her.

B. In addition to his constitutional argument, the petitioner contends that the agency and the Board committed procedural errors that "denied him a fair hearing constituting harmful error."

1. The petitioner argues that even if Mr. Steele's role as the proposing and deciding official did not deny the petitioner due process, that role nevertheless made the agency's procedures unfair. The reasons that led us to reject the constitutional argument are equally applicable to this alternative formulation and require its rejection also.

2. The petitioner next contends that the initial investigation was tainted by the bias against him of Ms. Pinkney, who made the investigation on the basis of which Mr. Steele instituted the removal proceedings. The record does not establish that claim of bias, however, and Mr. Steele's reliance upon the investigative report did not fatally taint the agency's removal proceedings.

■ 3. The petitioner asserts that he was denied a fair hearing at the Board level because the presiding official refused

to compel the presence of two witnesses whom the petitioner wanted to cross-examine and relied upon affidavits of those witnesses that the agency had produced at the hearing. He also contends that the agency should have produced Ms. Pinkney for him to cross-examine.

In the initial agency investigation that Ms. Pinkney conducted, six employees gave affidavits stating that the petitioner had sexually harassed them while they were his subordinates. The agency subpoenaed these six women to testify at the hearing as agency witnesses. Four of them testified and were cross-examined. Two of them, however, did not appear. In place of their testimony, the agency offered and the presiding official received affidavits from them.

The petitioner contends that the admission of those affidavits and the failure of the agency to produce the two witnesses denied him the right to cross-examine them and made the hearing unfair. The petitioner further contends that the agency committed prejudicial error in not producing Ms. Pinkney at the hearing so that the petitioner could have cross-examined her about her alleged bias against him.

■ The petitioner, however, made no attempt to subpoena or otherwise obtain the presence of these three women; he cannot now complain that the agency did not produce them. The Board has broad discretion in determining the procedures it follows in hearings it conducts. *See Turner v. Merit Sys. Protection Bd.*, 806 F.2d 241, 245 (Fed.Cir.1986); *Horner v. Burns*, 783 F.2d 196, 201 (Fed.Cir.1986). We cannot say that, in view of the failure of these two witnesses to appear at the hearing, the presiding official abused her discretion in admitting their affidavits. *See Tiffany v. Department of the Navy*, 795 F.2d 67, 70 (Fed.Cir.1986).

The cases upon which the petitioner relies, *Hanifan v. United States*, 354 F.2d 358, 173 Ct.Cl. 1053 (1965), and *Fletcher v. United States*, 392 F.2d 266, 183 Ct.Cl. 1 (1968), dealt with different statutory and regulatory schemes under which the employees had no right to subpoena witnesses. Those cases, therefore, are inapposite to proceedings before the Board, where the employee has that right.

■ 4. Finally, the petitioner argues generally that he was improperly precluded from presenting before the Board evidence of a conspiracy against him to remove him from his position. The petitioner does not provide any citations to the record showing the instances in which he allegedly was precluded from inquiring into that subject. The presiding official has broad discretion to determine the proper scope of the evidence to be introduced at the hearing. The petitioner has not demonstrated that the presiding official abused her discretion in any limits she may have imposed upon the petitioner's attempt to develop facts relating to an alleged conspiracy against him.

## CONCLUSION

The decision of the Merit Systems Protection Board affirming the removal of the petitioner is

AFFIRMED.