852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Vincent W. FRANCO, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 87-3567.
 United States Court of Appeals, Federal Circuit.
 June 2, 1988.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board, Docket No. DC04328610097-1, affirming the removal of Vincent W. Franco for unacceptable performance under the procedures of Chapter 43, is affirmed.
 
 OPINION
 
 2
 Mr. Franco raises a constitutional challenge to the procedures followed, arguing that when the proposing official and the deciding official are the same, any bias against the employee by the proposing official will deprive the employee of the safeguards intended by the statutory provision of review by a deciding official at the agency level, 5 U.S.C. Sec. 4303 (1982).
 
 
 3
 It is not disputed that the procedures that were followed did conform to Section 4303. This court has previously established that the statute does not prohibit the same person from serving as proposing and deciding official, even where that person also has a role in the supervisory hierarchy. See, e.g., Hanley v. General Services Administration, 829 F.2d 23, 25 (Fed.Cir.1987); DeSarno v. Department of Commerce, 761 F.2d 657, 660 (Fed.Cir.1985).
 
 
 4
 The statute, 5 U.S.C. Sec. 4303 (b)(1)(D)(ii) (1982), also requires that a person in higher supervisory status exercise considered judgment in concurring in the removal. It has not been demonstrated that Dr. Renault did not do so. We conclude that the statute is not flawed in terms of due process of law. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 547-48 (1985) (a pre-termination opportunity to respond plus a post-termination hearing under state statute does not violate due process).
 
 
 5
 In the ensuing proceedings before the Board, witnesses appeared on behalf of Mr. Franco as well as the agency; we conclude that substantial evidence supports the Board's decision, on the somewhat conflicting evidence before it. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Dept. of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 BALDWIN, Senior Circuit Judge, dissenting.
 
 
 7
 I dissent from the majority's conclusion that the procedures followed in this case did not violate petitioner's due process rights.
 
 
 8
 Respondent's main defense was that petitioner's constitutional claims are not properly before the court, and therefore the court cannot consider them. Respondent relies primarily on footnote 3 of the board's March 12, 1987 Opinion and Order which stated that the constitutional issue was raised for the first time on petition for review (and therefore refused consideration of the issue). The majority opinion does not address whether the constitutional issue is properly before this court. The opinion appears to accept that the issue is properly before us, however, because it decides the merits against petitioner. Ante at 2.
 
 
 9
 To the extent the majority opinion implies this, I agree. I would hold, on this issue, that petitioner's questioning of the propriety of his supervisor's dual capacity in his removal action from the early stages of that action was sufficient to put the government on notice that constitutional problems existed. See, e.g., Initial Decision of April 15, 1986 at 9 (clearly stating that petitioner raised "claims that the agency committed procedural error because Ms. Singer served as both proposing and deciding official"). It is not necessary that petitioner frame his issue in constitutional terms at the initial stages. Rather, preservation of petitioner's rights occurred when respondent was put on notice of petitioner's position. See Conley v. Gibson 355 U.S. 41, 48 (1957) (The "purpose of pleading is to facilitate a proper decision on the merits"). Alexander v. The Unification Church of America, 634 F.2d 673, 678 (2d Cir.1980). See also 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1286 (1969).
 
 
 10
 The facts in Hanley v. General Services Administration, 829 F.2d 23 (Fed.Cir.1987) and DeSarno v. Department of Commerce, 761 F.2d 657 (Fed.Cir.1985) are sufficiently distinct from those presented here to require an exception to the general rule that it is "not a violation of due process when the proposing and deciding roles are performed by the same person" at the pretermination stage. 761 F.2d at 660. In neither of those cases was the person acting in this dual capacity the employee's immediate supervisor. In addition, both DeSarno and Hanley dealt with removals based on misconduct, whereas Mr. Franco's removal was performance-based. In DeSarno the removal was based on submission of false travel vouchers, while the petitioner in Hanley was removed for sexually harassing subordinate female employees and improperly authorizing use of a government vehicle, equipment and staff.
 
 
 11
 This situation is not one in which the person acting in the dual capacity is above the original fray. In DeSarno this court said that "[t]he law does not presume that a supervisor who proposes to remove an employee is incapable of changing his or her mind upon hearing the employee's side of the case." 761 F.2d at 660. As a general rule, this proposition is valid, and it may even be valid in performance-based removal actions where the proposing and deciding official are not the immediate supervisor. However, where, as here, the person wearing two hats is the same person who has evaluated the employee's performance, and upon whose evaluation the ultimate decision must rest, the assumption that the supervisor may change his or her mind "upon hearing the employee's side of the case" falls desperately short. Presumably, the supervisor has been communicating with the employee about his perceived deficiencies for some time prior to the proposed removal, including during the performance improvement period (PIP). If this is the case, then the immediate supervisor already knows the employee's side of the case.
 
 
 12
 In this case, petitioner and his supervisor had worked together for a several years. The supervisor had evaluated petitioner for an extended period and found his performance unacceptable. It is unreasonable to expect that anything that petitioner could say to his supervisor during an informal hearing could cause her to change her mind about these evaluations. I would recognize, as a caveat to the general rule laid down in Hanley and DeSarno, that in a performance-based removal action, where the proposing and deciding official are the same person, and that person is also the employee's immediate supervisor who is charged with the daily evaluation of the employee, it is a violation of fundamental principles of fairness and due process to have that person act in that dual capacity. Thus, I would hold the peculiar circumstances of this performance-based removal action violative of petitioner's due process rights.