NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3418

HENRY CABONE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: April 12, 2005

_____

Before NEWMAN, SCHALL, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Henry Cabone ("Cabone") petitions for review of the decision of the Merit Systems Protection Board. <u>Cabone v. United States Postal Serv.</u>, No. SF-0752010569-I-3 (M.S.P.B. Jul. 1, 2004). We <u>affirm</u>.

BACKGROUND

Cabone was employed as a mail handler by the United States Postal Service ("Postal Service"). On June 15, 2001, the Postal Service proposed to remove Cabone on one charge of creating a hostile work environment with nine specifications. The agency then decided to remove Cabone, effective July 23, 2001, finding all nine specifications sustained and that Cabone's removal would promote the efficiency of the service.

Cabone appealed to the Merit Systems Protection Board. The administrative judge's initial decision dealt with each specification as follows:

Specification 1 accused Cabone of approaching another mail handler who had exited from a meeting with a supervisor, demanding to know what had been discussed with the supervisor, accusing the coworker of being a liar, and stating "I'll get the truth out [of] you." The administrative judge sustained this specification in part, finding that the incident occurred but that the agency had failed to provide evidence to support its further assertion that the coworker had found the experience "very unpleasant."

Specification 2 accused Cabone of causing his coworker to be uncomfortable by repeatedly making negative comments about other coworkers. The administrative judge found this specification not sustained.

Specification 3 accused Cabone of making other negative comments about coworkers. The administrative judge found this specification not sustained.

Specification 4 accused Cabone of making rude gestures and noises to one Bill Wiggs, such as cat calls and "snorting like a pig." In addition, it alleges that Cabone mocked Wiggs by saying, "I go tell . . . I go tell," in an apparent reference to a prior incident in which Wiggs had complained of Cabone's harassment (an incident for which Cabone was suspended for 14 days). The administrative judge sustained this specification.

Specification 5 accused Cabone of consistently staring at one Joey Boatman in a menacing manner, and making mocking comments towards him. It also accused Cabone of manipulating urinals in restrooms so that they did not flush. The administrative judge sustained this specification in so far as it pertained to staring and

mocking comments, and did not sustain the specification in so far as it pertained to manipulating urinals.

Specification 6 accused Cabone of intimidating one Terry Schrader by raising the front of a candy vending machine and then slamming it into the ground (without having previously inserted money into the machine) while another employee was sleeping nearby. It also accused Cabone of staring menacingly at Schrader. The specification finally accused Cabone of saying "[t]ime to turn up the radio" when Schrader was nearby, apparently in order to disturb others. The administrative judge sustained this specification in so far as it pertained to the candy machine and the staring, but did not sustain the specification in so far as it related to the radio.

Specification 7 accused Cabone of muttering negatively about coworkers. The administrative judge found this specification not sustained.

Specification 8 accused Cabone of making inappropriate "monkey sounds" as a coworker walked by. The administrative judge sustained this specification.

Specification 9 accused Cabone of staring at one Nora Gonzalez and making various gestures towards her indicating obesity. The administrative judge sustained this specification.

The administrative judge then rejected Cabone's defenses based on handicap discrimination, discrimination based on veteran status, retaliation for prior discrimination complaints, and allegations of various procedural errors. The administrative judge found the requisite nexus between Cabone's harassment and the efficiency of the service, and determined that removal was a reasonable penalty. In this connection, the administrative judge noted that Cabone had previously received a 14 day suspension

for creating a hostile work environment, mishandling mail, and lying during an official investigation.

The full Board summarily denied Cabone's petition for review, and the decision of the Board became final on July 1, 2004. Cabone petitions this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board is limited. The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

An agency is authorized to make a removal that promotes the efficiency of the service. 5 U.S.C. § 7513 (2000). Here, the Board determined that removing Cabone would promote the efficiency of the service.

The bulk of Cabone's submissions on appeal attack the administrative judge's factual findings, which he argues were based on unreliable testimony, lacking third-party corroboration, or inconsistent with other evidence he presented. The administrative judge's factual findings were based, in large part, on testimony and credibility determinations that are "virtually unreviewable." Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). We can discern no error in the factual findings made by the administrative judge.

Cabone argues that he was deprived of due process because the official that issued the notice proposing his removal was the same one that decided to remove him.

This argument has no merit because we have repeatedly held that "it is not a violation of due process when the proposing and deciding roles are performed by the same person." Hanley v. Gen. Servs. Admin., 829 F.2d 23, 25 (Fed. Cir. 1987); De Sarno v. Dep't of Commerce, 761 F.2d 657, 660 (Fed. Cir. 1985).

Cabone argues that the Postal Service and the Board improperly considered his prior disciplinary record in deciding to remove him. This argument lacks merit because the Board and the agency are not only entitled, but positively required, to consider the relevant factors enumerated in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981). Hayes v. Dep't of the Navy, 727 F.2d 1535, 1540 (Fed. Cir. 1984). The employee's past disciplinary record is one such factor to be considered under Douglas. 5 M.S.P.R. at 305.

Cabone also argues that the administrative judge erred by sustaining the single charge of creating a hostile work environment when she only sustained six out of nine specifications. Further, of the six specifications sustained, the administrative judge found three sustained in full, and three sustained in part. There is no basis to disturb the Board decision because "where more than one event or factual specification is set out to support a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge." LaChance v. Merit Sys. Prot. Bd., 147 F.3d 1367, 1371 (Fed. Cir. 1998) (internal alterations omitted). Even had the administrative judge only sustained one of the nine specifications, the charge of creating a hostile work environment was properly proved. Here the administrative judge fully sustained three of the specifications.

Cabone finally argues that the administrative judge erred in rejecting his evidence of mental handicap discrimination. Cabone is barred from raising this argument because he has previously waived his claims of handicap discrimination before this court. See Pet'r's Fed. Cir. R. 15(c) Statement Concerning Discrimination (filed Sept. 17, 2004).

We have considered Cabone's other arguments and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.