NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3188

ALICIA GRUSPE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Minnette Burges, Burges Law Firm, of Tucson, Arizona, for petitioner.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Joyce G. Friedman, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3188

ALICIA GRUSPE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DE0752060485-I-3.

_____

DECIDED: May 11, 2009

_____

Before BRYSON, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Petitioner Alicia Gruspe ("Gruspe") appeals a final decision of the Merit Systems Protection Board ("Board") dismissing her case for lack of jurisdiction.  Gruspe v. Dep't of Health & Human Servs., No. DE0752060485-I-3 (M.S.P.B. Sept. 10, 2007) ("Opinion"), review denied, Gruspe v. Dep't of Health & Human Servs., No. DE0752060485-I-3 (M.S.P.B. Jan. 9, 2008).  Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

Gruspe worked for the Department of Health and Human Services ("Department") as a medical technician for the Indian Health Service in Polacca,

Arizona, beginning in June 2001. Her duties included drawing blood samples from patients and performing analytical tests. In June 2003, Gruspe transferred to the Indian Health Service office in Sells, Arizona. In both locations, her supervisor was Edison Joe. Gruspe alleges that from December 2003 to May 2004, Joe repeatedly harassed and berated her, forcing her to resign on May 20, 2004. Opinion at 4. Gruspe identifies roughly a dozen incidents of alleged harassment during this period, including verbal abuse, an unfair performance review, and a one-week night shift assignment.

Gruspe filed an Equal Employment Opportunity claim against the Department on August 5, 2004. The Department processed her claim as a "mixed case" of discrimination and forced resignation. Resp't's App. 93; see also 29 C.F.R. § 1614.302 (2008). The Department ultimately decided that Gruspe was not subjected to discrimination. Gruspe appealed the Department's decision to the Board in September 2006. A Board administrative judge held a hearing in June 2007 to determine whether Gruspe's resignation was involuntary. The administrative judge found that Gruspe resigned voluntarily, and because the Board may not review voluntary employment terminations, dismissed her case for lack of jurisdiction. Opinion at 2. The Board's decision became final on January 9, 2008, and Gruspe timely appealed.

We review the Board's dismissal for lack of jurisdiction de novo. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). However, we are bound by the Board's factual determinations unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. Id.; 5 U.S.C. § 7703 (2006).

The Board lacks jurisdiction to review voluntary resignations. It may evaluate a resignation only if the employee can show that her resignation was actually involuntary. The employee must show that (1) the agency effectively imposed the terms of her resignation, (2) the employee had no realistic alternative, and (3) the resignation resulted from the agency's improper acts. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1329 (Fed. Cir. 2006); see also Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996) (noting that an "unpleasant" or "unattractive" choice does not make resignation involuntary). The test for voluntariness is objective, under the totality of the circumstances. Garcia, 437 F.3d at 1329. Resignations are presumed voluntary, and the employee must overcome this presumption by a preponderance of the evidence. Id.

Gruspe argues that the Board incorrectly weighed the evidence in deciding that her resignation was voluntary. She contends that the administrative judge failed to consider evidence of discrimination, and "in no case considered whether the supervisors [sic] conduct exhibited toward Gruspe was similar in nature to conduct exhibited toward other employees." Pet'r's Br. 5. Additionally, Gruspe claims that the administrative judge failed to discuss the fact that she submitted an Equal Employment Opportunity report against Joe on January 7, 2004, which might have motivated Joe to retaliate.

While the Board may review "mixed case" claims of discrimination combined with improper separation, it must have jurisdiction over the non-discrimination claim. Garcia, 437 F.3d at 1324-25. In Gruspe's case, this requires a finding of involuntary resignation before the Board can review her discrimination claims. Thus, in this appeal, her

discrimination arguments are relevant only to establishing an involuntary resignation. See Cruz v. Dep't of Navy, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991).

The Board properly considered Gruspe's arguments in the context of her resignation. In her appeal to the Board, Gruspe did not present evidence of discrimination on the basis of race, national origin, or other protected categories. Rather, in her prehearing statement to the Board, she alleged discrimination in the way her supervisor, Joe, treated her as compared to her co-workers. Resp't's App. 60. Gruspe alleges, for example, that Joe "excessively monitored" her more than her colleagues. Pet'r's Reply Br. 12. However, the administrative judge found no discriminatory treatment, crediting testimony from co-workers that they remembered no such excessive monitoring. Opinion at 10. Gruspe contends that the administrative judge did not consider her report of January 7, 2004. Although the administrative judge did not specifically discuss that report, he did consider the circumstances noted in the report, and discussed Gruspe's meetings with an Equal Employment Counselor and a February 19, 2004 mediation session with Gruspe, Joe, and the Counselor. Id. at 6, 8-9. We have no reason to believe that the administrative judge did not take the report into account in assessing the merits of her claim. Gruspe also claims that the Department never proved that Joe did not discriminate or retaliate against her. But this misstates the burden of proof. As the claimant, it was Gruspe who bore the burden of showing that her resignation was involuntary. This she did not do. Considering the entire record, we find no reason to conclude that the administrative judge failed to properly consider the evidence. At bottom, substantial evidence supports the Board's decision that Gruspe's resignation was not involuntary.

Gruspe also argues that the Board's decision was arbitrary and capricious because it drew incorrect conclusions about witnesses' credibility. She claims that her co-workers' testimony, which characterized Joe as calm and quiet, "does not compel" the Board's finding. Pet'r's Reply Br. 3. However, Gruspe's arguments that the testimonial evidence could have gone either way are insufficient for reversal. "The credibility determinations of an administrative judge are virtually unreviewable on appeal." Bieber v. Dep't of Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Thus, even if we could reasonably interpret the testimony in another way, this does not render the administrative judge's credibility determinations arbitrary or capricious. In assessing witness credibility, a Board administrative judge must "first identify the factual questions in dispute; second, summarize all of the evidence on each disputed question of fact; third, state which version he or she believes; and, fourth, explain in detail why the chosen version was more credible than the other version or versions of the event." Haebe v. Dep't of Justice, 288 F.3d 1288, 1301 n.30 (Fed. Cir. 2002) (quoting Hillen v. Dep't of Army, 35 M.S.P.R. 453, 458 (1987)); see also 5 C.F.R. § 1201.111 (2008).

Here, the administrative judge complied with this standard by analyzing each incident of alleged harassment, discussing the relevant testimony, and explaining his reasons for crediting a particular account. For example, Gruspe points to an incident in December 2003 involving a dispute between her and Joe over blood-drawing procedures. Gruspe claims that Joe yelled at her and told her to "just go, just go," which she interpreted as an instruction to leave work. Joe testified that he never raised his voice and that he intended for Gruspe to leave only his office, not the workplace altogether. The administrative judge credited Joe's version because of Joe's lack of

"emotional attachment," the consistent testimony of co-workers, and the absence of other evidence that Joe intended to fire or discipline her. Opinion at 5-6. Gruspe argues that Joe's words were "clear and unmistakable instructions" to go home. Pet'r's Reply Br. 4. However, on paper, the words are not at all clear, which is why we must defer to the administrative judge's evaluation of the testimony.

Similarly, Gruspe argues that the Board incorrectly assessed a reprimand letter from Joe to Gruspe on January 21, 2004, reprimanding her for absences from work. She claims that the letter was improper because it was delayed by roughly three weeks, but cites no authority for what constitutes a timely reprimand. The Board opinion noted that Gruspe admitted missing work, which could justify the reprimand. The administrative judge similarly addressed each of Gruspe's other alleged instances of harassment. Furthermore, the record shows that Gruspe's behavior between December 2003 and May 2004 was potentially inconsistent because she repeatedly threatened to resign, but did not follow through and did not complain about some alleged incidents of harassment when they occurred. On each issue raised by Gruspe, the administrative judge carefully considered the evidence and set forth reasons supporting his decision. On this record, we cannot conclude that the Board's decision was arbitrary or capricious.

Gruspe's final argument is that she never had an opportunity to cross-examine Teresa Fox, an employee whose affidavit the Department submitted at the June 2007 hearing. This argument is insufficient to overturn the Board's findings. At Board hearings, administrative judges have broad discretion over procedures, such as admitting affidavits. See Hanley v. Gen. Servs. Admin., 829 F.2d 23, 25-26 (Fed. Cir.

1987).  Also, Gruspe's failure to subpoena Fox or otherwise request Fox's presence prevents her from asserting this issue now.  Id.  Even without Fox's affidavit, the administrative judge considered testimony from at least three other witnesses in addition to Joe and Gruspe.  Opinion at 7.  Therefore, substantial evidence supports the Board's ultimate finding.

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.