NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANA Z. KAMMUNKUN,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

---

2024-1900

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-17-0667-M-2.

---

Decided: January 26, 2026

---

CHRISTOPHER HUGH BONK, Gilbert Employment Law, PC, Silver Spring, MD, argued for petitioner. Also represented by RENN C. FOWLER, KEVIN OWEN.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before PROST, WALLACH, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Diana Z. Kammunkun petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the Department of Defense's decision to remove her from employment. J.A. 1–19. We affirm.

I

We have jurisdiction over Ms. Kammunkun's petition for review under 28 U.S.C. § 1295(a)(9). We review a Board decision for whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "This court must reverse a decision of the Board if its decision is not in accordance with the requirements of the Due Process Clause of the Fifth Amendment or any other constitutional provision." *Blank v. Dep't of Army*, 247 F.3d 1225, 1228 (Fed. Cir. 2001).

II

Ms. Kammunkun argues that she was denied due process because of the involvement of a deciding official who was not impartial in her removal from employment. We disagree.

The removal proceedings in this case do not present due process concerns. "The essential requirements of due process . . . are notice and an opportunity to respond." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also id.* ("The tenured public employee is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story."). Ms. Kammunkun received all that is required by *Loudermill*.

Moreover, our precedent forecloses Ms. Kammunkun's due-process-violation claims. In *Hanley*, we rejected the petitioner's argument "that he was denied procedural due process because the same individual . . . ordered the investigation, issued the Notice of Proposed Removal, and signed the removal letter." *Hanley v. GSA*, 829 F.2d 23, 25 (Fed. Cir. 1987); *see also Withrow v. Larkin*, 421 U.S. 35, 52 (1975) ("[O]ur cases . . . offer no support for the bald proposition . . . that agency members who participate in an investigation are disqualified from adjudicating. The incredible variety of administrative mechanisms in this country will not yield to any single organizing principle."). We have also held that

> [a]t the pre-termination stage, it is not a violation of due process when the proposing and deciding roles are performed by the same person. The law does not presume that a supervisor who proposes to remove an employee is incapable of changing his or her mind upon hearing the employee's side of the case.

*DeSarno v. Dep't of Com.*, 761 F.2d 657, 660 (Fed. Cir. 1985). The reasoning that led us to reject the due process claims in *Hanley* and *DeSarno* is applicable to the facts here. Thus, we reject Ms. Kammunkun's due-process-violation claims.

### III

We have considered Ms. Kammunkun's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

Costs

No costs.